1  Eugene P. Ramirez (State Bar No. 134865)
    *eugene.ramirez@manningkass.com*
2  Kayleigh Andersen (State Bar No. 306442)
    *kayleigh.andersen@manningkass.com*
3  **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
    Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
    Facsimile: (213) 624-6999
6
7  Attorneys for Defendant, County of San Bernardino; Justin Lopez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H. and H.H., in each case a minor, by and through their guardian ad litem, Crystal Hanson, individually and as successor in interest to Shane Holland, deceased; C.H., a minor, by and through her guardian ad litem, Reymi Updike, individually and as successor in interest to Shane Holland, deceased, and PATRICIA HOLLAND, individually,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; JUSTIN LOPEZ and DOES 1-10, inclusive<br><br>Defendant. | Case No. 5:23-cv-01028-JGB (SHKx)<br><br>District Judge: Jesus G. Bernal<br>Magistrate Judge: Shashi H. Kewalramani<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**<br><br>Date: January 8, 2024<br>Time: 9:00 a,m.<br>Judge: Jesus G. Bernal<br>Crtrm: 1 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 8, 2023, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Jesus G. Bernal, located in the United States Courthouse, 3470 Twelfth Street, Riverside, California 92501, Defendants County of San Bernardino ("County") and Officer Justin Lopez ("Officer Lopez") (collectively, "Defendants") will and hereby do move this Court for a Temporary Stay of Discovery Pending the California Department of Justice Criminal Investigation.

Case No. 5:23-cv-01028-JGB (SHKx)
**DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE CRIMINAL INVESTIGATION**

The grounds for this Motion are that permitting civil discovery while a criminal investigation is pending would prejudice the individual officer defendant, who may be forced to choose between asserting his Fifth Amendment rights and being subjected to liability in the civil case. Upon entry of the stay, Defendants will agree to provide the Court with status updates regarding the criminal investigation as needed.

This Motion is based on this Notice of Motion and the attached Memorandum of Points and Authorities and the Declaration of Kayleigh Andersen filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion is made following the meet and confer conference of counsel pursuant to Local Rule 7-3, which commenced on October 19, 2023, and concluded on November 3, 2023. The parties were unable to come to a resolution, thus it is necessary for Defendants to bring this motion.

DATED:  November 30, 2023  **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Kayleigh Andersen_____
Eugene P. Ramirez
Kayleigh Andersen
Attorneys for Defendant, County of San Bernardino and Justin Lopez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants County of San Bernardino ("County") and Officer Justin Lopez ("Officer Lopez") (collectively, "Defendants") respectfully request that the Court temporarily stay discovery until the California Department of Justice ("CA DOJ") concludes its criminal investigation. This request for a temporary stay is narrowly drawn as it only pertains to individual Defendant Officer Lopez. Proceedings against all other defendants may go forward. Defendants request a stay on the following grounds:

First, absent a stay of discovery, it is highly likely that Defendant Officer Lopez's Fifth Amendment right against self-incrimination will be severely infringed.

Second, should Defendants be forced to begin producing information and records, that disclosure could put potential witnesses and suspects in danger and compromise the integrity of the CA DOJ investigation. This would result in a miscarriage of justice.

Third, given the pending nature of the CA DOJ investigation, any discovery pertaining to this incident would be the subject to the ongoing CA DOJ investigation, and thus privileged from disclosure under federal law.

Finally, Plaintiffs should not be prejudiced by a temporary, narrowly-drawn stay considering litigation can proceed against the remaining Defendant. If there is any delay caused to Plaintiffs by this stay, the prejudice would be minimal, if at all, given that Defendants recently produced a substantial amount of evidence to Plaintiff.

Conversely, should the stay be denied, Defendants will suffer irreparable prejudice since the investigation is likely to be compromised by the disclosure of privileged records and information. This harm is in addition to the prejudice Defendant Officer Lopez faces by either asserting his Fifth Amendment right or testifying and potentially incriminating himself.

## II.
## FACTUAL SUMMARY

### A. Summary of Relevant Facts

This case arises out of an officer-involved shooting incident which occurred on June 21, 2022, at approximately 3:00 a.m. San Bernardino Sheriff's Department Deputy, Officer Justin Lopez ("Officer Lopez") initiated a traffic stop on a vehicle where Decedent Mr. Shane Holland ("Mr. Holland" or "decedent") was a passenger. After the vehicle was stopped, Mr. Holland exited the vehicle on the passenger side and began to run into the desert. *Compl.*, ¶ 23 [Dkt. 1]. Officer Lopez pursued Mr. Holland on foot. *Compl.*, ¶ 23 [Dkt. 1]. Ultimately, Officer Lopez discharged his gun that fatally struck Mr. Holland. *Compl.*, ¶ 23 [Dkt. 1].

### B. Status of the CA DOJ Investigation

The CA DOJ investigation has been ongoing since June 21, 2022. This program was effected in July 2021, approximately one year prior to the incident subject to this case. Accordingly, and under the terms of CA Assembly Bill 1506, the Division of Law Enforcement's ("DLE") California Police Shooting Investigation Team (CaPSIT), is charged with working collaboratively with the respective local law enforcement agency, and is responsible for the investigation from the inception to the conclusion. The goal of the CaPSIT program is to produce the most comprehensive, thorough, accurate and timely investigation possible which can be relied upon by all Californians.[1] **Declaration of Kayleigh Andersen ("Andersen Decl."), Exhibit A**.

Defendants have attempted to reach the CA DOJ to obtain a status report but have been unsuccessful. **Andersen Decl., ¶ 5**. This investigation began immediately after the incident on June 21, 2022, and has been ongoing for approximately

---

[1] California Department of Justice, California Police Shooting Investigation Team (CaPSIT), at <https://oag.ca.gov/bi/capsit> [as of November 20, 2023].

**DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE CRIMINAL INVESTIGATION**

seventeen months. At this time, the CA DOJ website reports that this investigation is one of forty-seven cases currently being investigated.[2] **Andersen Decl., ¶ 4; Exhibit B at p. 7**. Considering that the instant case has been under investigation for approximately 17 months and that only a limited number of cases are being investigated, it is reasonable to presume that this case is likely to conclude in a relatively short amount of time.

Given this program's infancy the only corollary measurement as to the estimated time needed to complete an investigation of this nature is to look to the cases previously completed. As it stands, the CA DOJ has concluded its investigation and issued reports in four cases. **Andersen Decl., ¶¶ 6-8; Exhibit C**. Based on these four cases, the CA DOJ is taking approximately 16-25 months to complete its investigations. **Andersen Decl., ¶¶ 6-8; Exhibit C**. Only thirteen cases precede the currently pending investigation of Mr. Holland's death. **Andersen Decl., Exhibit B at pp. 8-10**. Thus, it is reasonable to infer that the investigation of Mr. Holland's death should be completed within a few months, and a stay in this matter need only be temporary.

Considering that the requested stay is narrowly-drawn and temporary, it is unlikely that Plaintiffs will be prejudiced if the same is issued.

C. **Discovery Provided to Plaintiffs**

On November 3, 2023, Defendants provided Plaintiffs with the First Supplemental Disclosures pursuant to Federal Rule of Civil Procedure 26(A)(1). **Andersen Decl., ¶ 12**. Pursuant to a stipulated protective order, Defendants produced to Plaintiffs multiple documents and things related to discovery in this case. Of importance to the instant motion, Defendants produced the following: (1) Defendant Officer Lopez's belt recording of the incident; (2) the transcript of the

---

[2] California Department of Justice, Current Cases, at <https://oag.ca.gov/ois-incidents/current-cases> [as of November 20, 2023].

belt recording; (3) Officer Rios' belt recordings 1 and 2; (4) Officer Hillebrand's belt recordings 1, 2, and 3; (5) Deputy Rivas' belt recording; (6) photos of the scene and evidence; (7) the homicide investigation by San Bernardino's Sheriff's Officer, including reports, and CCTV video from the surrounding area; (8) Post Profile re: Lopez, J.; (9) San Bernardino Sheriff's Department Manual Master; (10) Interview of Robert Hanson and transcript of the same; (11) Interviews of Srgt. Rios, Dep. Hillebrand; (12) Coroner Investigation; (13) autopsy and corresponding reports; (13) numerous other reports, including the Initial Incident Report and supplemental reports. **Andersen Decl., ¶ 12**.

Considering that Defendants have provided Plaintiffs with substantial evidence, Plaintiffs should not be prejudiced by such a narrowly-drawn and temporary stay.

### D.     Meet and Confer Efforts

On October 19, 2023, Defense Counsel, Ms. Kayleigh Andersen sent an email to Plaintiffs' counsel, Mr. Dale Galipo requesting Plaintiffs' agree to a stay as related to Defendant Officer Lopez. **Andersen Decl., ¶ 9; Exhibit D**. On October 26, 2023, Plaintiffs' Counsel, Ms. Renee Valentine indicated that Plaintiffs would not agree to a stay in this case. **Andersen Decl., ¶ 10; Exhibit E**.

As such, the parties were unable to come to a resolution and thus necessitating the instant motion. The above meet and confer efforts meet the requirements under California District Court Local Rules, L.R. 7-3.

### III.    THE COURT HAS INHERENT AUTHORITY TO STAY THIS ACTION DURING THE PENDENCY OF THE CA DOJ'S CRIMINAL INVESTIGATION

A federal district court has inherent discretionary power to stay any action within its jurisdiction. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." *Id.* at 254. This power may be properly exercised in order to defer civil proceedings pending the outcome of related criminal proceedings whenever "the ends of justice seem to require such an action." *United States v. Kordel*, 397 U.S. 1, 12, n.27 (1970) ["Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502; *United States v. Bridges*, 86 F.Supp. 931, 933 (N.D. 1949); *United States v. Article of Drugs Consisting of 30 Individually Cartoned Jars, More or Less,* 43 F.R.D. 181, 187 n. 8 (D. Del. 1967); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353-354 (S.D.N.Y. 1966); *United States v. $2,437 United States Currency,* 36 F.R.D. 257 (E.D.N.Y. 1964); *United States v. Steffes*, 35 F.R.D. 24 (D.Mont. 1964); *United States v. Maine Lobstermen's Assn.*, 22 F.R.D. 199 (D. Maine 1957); *United States v. Cigarette Merchandisers Assn.,* 18 F.R.D. 497 (S.D.N.Y. 1955); *United States v. Linen Supply Institute*, 18 F.R.D. 452 (S.D.N.Y. 1955); sometimes at the request of the defense, *Kaeppler v. Jas. H. Matthews & Co.,* 200 F.Supp. 229 (E.D.Pa 1961); *Perry v. McGuire*, 36 F.R.D. 272 (N.D.Cal 2016); cf. *Nichols v. Philadelphia Tribune Co.*, 22 F.R.D. 89, 92 (E.D.Pa 1958).

In the instant case, the shooting incident that is the subject matter of the civil litigation involves the identical set of facts and circumstances that is currently being reviewed by the CA DOJ in its criminal investigation. Thus, to protect the individual defendant's rights, the interests of justice command that the civil proceedings be deferred until the criminal investigation of Defendant Officer Lopez is complete.

## IV. REVIEW AND CONSIDERATION OF THE RELEVANT FACTORS WEIGH IN FAVOR OF GRANTING A STAY IN THIS CASE

"A court may decide in its discretion to stay civil proceedings 'when the interests of justice seem to require such an action.'" *Jones v. Conte*, 2005 U.S. Dist.

LEXIS 46962, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005) (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995)). "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76, 202 U.S. App. D.C. 345 (D.C. Cir. 1980).

The Ninth Circuit in *Keating* set forth the factors to be considered by the court in determining whether a civil action should be stayed. The factors that the Court may consider are:

(1)   the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2)   the burden which any particular aspect of the proceedings may impose on defendants;

(3)   the convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4)   the interests of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324-25.

Balancing these factors is a case-by-case determination, with the basic goal to avoid prejudice. *Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

The following is a review of the factors to be considered by the Court in determining whether a stay is appropriate.

**A.    Interests of the Plaintiffs**

It should first be noted that this shooting incident occurred approximately 17 months ago, on June 21, 2022. Since that time, this case has been under investigation by the CA DOJ. This investigation is likely to conclude in a relatively

short period of time given that the CA DOJ has so far taken between 16 to 25 months to complete its investigations.

    The request for a stay in this matter is very narrow as it only pertains to the single officer involved in the incident, Defendant Officer Lopez. The County of San Bernardino remains as a defendant in this matter. A moderate delay of discovery in this civil action against the single individual Defendant Officer Lopez is not likely to cause any significant prejudice to the parties in terms of the loss of evidence, including the inability of witnesses to recall specific facts. In fact, most of the physical evidence is likely in the hands of the CA DOJ and has likely been preserved and catalogued given the pending investigation, or otherwise has been provided to Plaintiffs by Defendants. The parties in the civil action, both Plaintiffs and Defendants, may indeed benefit from the preservation of witness statements and testimony undertaken by the CA DOJ.

    Moreover, Plaintiffs should not be prejudiced by such a narrow stay as they will be free to proceed and conduct discovery against the remaining Defendant. Nothing prohibits Plaintiffs from obtaining their own witness statements, site investigations, and retaining expert witnesses during a stay.

    As provided for above, Defendants have already provided Plaintiffs with an abundance of evidence, including the belt recording from Defendant Officer Lopez, as well as, the complete homicide investigation report, supplemental incident reports, and witness interviews. As such, the facts in this case have been disclosed through evidence previously provided to Plaintiffs.

    Plaintiffs do not seek any time-sensitive remedy, such as an injunction, and only money damages. Therefore, the imposition of a stay is not likely to prejudice Plaintiffs ability to pursue or recover the remedy sought. Once the stay is lifted as to the individual Defendant Officer Lopez, the litigants will have a full opportunity for any appropriate discovery, ensuring that their interests in preparation of the civil case are not adversely affected. Considering that this case has been under

investigation by the CA DOJ for approximately 17 months, it is likely that it will conclude expeditiously in the next several months.

In short, it is unlikely Plaintiffs will incur any prejudice resulting from the issuance of a stay of discovery against Defendant Officer Lopez by the Court.

## B. Burden Imposed on Defendants

The risk to Defendant Officer Lopez of his Fifth Amendment rights being infringed upon in this case is severely burdensome and by far the strongest factor that the Court should consider in determining whether or not to issue the stay.

The impact of parallel criminal and civil proceedings on a defendant's Fifth Amendment rights is a significant factor in determining whether to grant a stay, and may sometimes "be sufficient to warrant a stay." *McCormick v. Rexroth*, 2010 U.S. Dist. LEXIS 35783, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010); See *Keating*, 45 F.3d at 326. "Some courts have gone so far as to recognize the extent of the overlap as the most important factor." *Ebay, Inc. v. Digital Point Solutions, Inc.*, 2010 U.S. Dist. LEXIS 23253, at *10 (N.D. Cal. Feb. 25, 2010).

### 1. Defendant's Fifth Amendment Right Against Self-Incrimination Would Be Severely Impeded if a Stay is Not Issued

The general principle is that a party asserting the Fifth Amendment privilege should suffer no penalty for his silence. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (7th Cir. 1995). "In this context 'penalty' is not restricted to fine or imprisonment. It means, as [the Court] said in *Griffin v. California*, 380 U.S. 609 …, the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly.'" *Spevack v. Klein*, 385 U.S. 511, 515 (1967). Further, the privilege against self-incrimination extends to all aspects of a civil trial. The protection is broad. Privileged information "does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in a chain of evidence that could lead to prosecution." *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

Alternatively, if a defendant invokes his Fifth Amendment right against self-

incrimination the court is free to make adverse inferences against him in a civil action. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). If a case proceeds against a defendant while criminal proceedings are ongoing, he will be faced with the difficult choice between asserting his right to self-incrimination, "thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case." *Jones v. Conte*, 2005 U.S. Dist. LEXIS 46962, at *4 (N.D. Cal. Apr. 19, 2005).

In the instant case, a criminal investigation into the facts surrounding the subject incident is currently being undertaken by the CA DOJ. Thus, Defendant Officer Lopez's Fifth Amendment rights may be implicated since there is a pending criminal investigation that revolves around the same legal and factual issues as the instant civil case.

The Court should not force Defendant Officer Lopez to choose between defending himself in this action or preserving his Fifth Amendment rights while the CA DOJ investigation is pending. If discovery is permitted against Defendant Officer Lopez while the CA DOJ's criminal investigation is looming overhead, it is highly likely that he will face the dilemma of either surrendering his Fifth Amendment right against self-incrimination or not testifying and risking the adverse inferences being taken from the assertion of these rights. Civil defendants should not be made to choose between adequately defending themselves in the civil matter and potentially producing self-incriminating evidence which can be used against them in a criminal matter, or invoking their Fifth Amendment privilege in the civil matter and therefore suffering the consequential prejudice. Forcing Defendant Officer Lopez to make such a choice is unnecessarily costly, unfair, and prejudicial.

Moreover, the right to assert the "privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution." *In re Master Key Litig.*, 507 F.2d 292, 293 (9th Cir. 1974). And while an indictment makes the argument for a stay stronger, the absence of an indictment does not obviate the Defendant Officer Lopez's Fifth Amendment concerns. See *Chao v. Fleming*, 498

F.Supp. 2d 1034, 1039 (W.D. Mich. 2007). Courts should not deny a stay "solely because the defendant has yet to be indicted." *Ebay, Inc. v. Digital Point Solutions, Inc*., 2010 U.S. Dist. LEXIS 23253, at *10 (N.D. Cal. Feb. 25, 2010).

In this case, while no Defendant has been indicted, the Court should still grant the stay as Defendant Officer Lopez was directly involved in the subject incident and has legitimate concerns about potential impending criminal prosecution. Given these concerns, Defendant Officer Lopez has significant Fifth Amendment interests that must be considered in light of the Court's analysis of the other *Keating* factors. *See, e.g., Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum*, 2009 U.S. Dist. LEXIS 60849, 2009 WL 2136986 at *6 (E.D. Cal. 2009) (finding a six-month stay warranted against a private civil litigant, in part because pending litigation could "expose defendant's strategy or theories with respect to the criminal case…"); *Chao v. Fleming,* 498 F. Supp 2d 1034, 1040 (W.D. Mich. 2007) (granting the stay in part because "an indictment appears to be much more than some fanciful and far-off possibility"); *Walsh Securities, Inc. v. Cristo Property Management, Ltd*., 7 F. Supp. 2d 523, 527-528 (D.N.J. 1998) (noting several ways in which proceeding with discovery in the civil case would cause defendants to assert Fifth Amendment privileges, even though those defendants had not yet been indicted). Further, Defendants have not asked for an indefinite stay, nor a stay of the entire proceedings, but are simply requesting a temporary stay of discovery as to solely Defendant Officer Lopez until the criminal investigation is completed, which lessens the prejudice to Plaintiffs.

There are additional serious risks to Defendant Officer Lopez if discovery is permitted to proceed while the criminal investigation is ongoing. Such discovery may expose testimony and defenses relevant to the criminal investigation. Furthermore, because civil discovery is much broader than criminal discovery, there is a danger that the civil discovery will be used to circumvent criminal discovery limitations. Allowing a party to monitor parallel civil proceedings to obtain incriminating

**DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE CRIMINAL INVESTIGATION**

testimony or other advantages through civil discovery undermines the Fifth Amendment privilege and its intent. Protecting these constitutional rights should be paramount.

A stay can be warranted when "broad civil discovery would unfairly expand the scope of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b)." *S.E.C. v. Alexander*, 2010 U.S. Dist. LEXIS 138547, 2010 WL 5388000, at *5 (N.D. Cal. Dec. 22, 2010). The risk of burdening Defendants with expanded criminal discovery paired with a reasonably limited request to stay weighs in favor of granting Defendants' motion.

### 2. The Information Sought Is Privileged Under Federal Law Because of the Ongoing DOJ Criminal Investigation

Along related lines, the federal ongoing law enforcement investigative privilege may also apply to portions of police officer personnel file records- information. To elaborate, the "federal law enforcement privilege is a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D. D.C. 1998), *aff'd*, 203 F.3d 53 (D.C. Cir. 1999); *see generally Kelly v. City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987). The function of the law enforcement privilege is thus to "preserve the integrity of law enforcement techniques and confidential sources, protect[] witnesses and law enforcement personnel, safeguard[] the privacy of individuals under investigation, and prevent[] interference with investigations." *See Tuite*, 181 F.R.D. at 176-177; *accord In re U.S. Dept. of Homeland Sec.*, 459 F.3d 565, 569-570, 569 n.1 (5th Cir. 2006) (ordering an *in camera* review of the documents at issue to determine the extent of the law enforcement privilege); *Hamstreet v. Duncan*, 2007 U.S. Dist. LEXIS 89702 (D. Or. 2007).

The rationale behind the privilege is that by "protecting relationships and values outside the courtroom, privileges demonstrate that even though the search for

truth is of critical importance in the litigation process, it is not necessarily paramount to all other interests of society." *See, e.g.*, *Tuite*, 181 F.R.D. at 185.

Accordingly, the law enforcement privilege "bars disclosure of facts" and "investigatory files" where (as here) such disclosure might harm law enforcement efforts or investigations. *See Hamstreet*, 2007 U.S. Dist. LEXIS 89702 at *4; *see also Tuite*, 181 F.R.D. at 176-177; *cf. In re Dept. of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988). The privilege is effectively asserted where a responsible government official makes a formal claim of privilege after "personal consideration of the information sought," particularly specifying the information for which the protection is sought, and explaining why the information falls within the scope of the privilege. *See Hamstreet*, 2007 U.S. Dist. LEXIS 89702 at *7, 10-11 (observing that it is possible for police internal investigation files to fall within the scope of the law enforcement privilege in a civil rights action and ordering government affidavits to support the asserted privilege claims prior to in camera review).

Thus, where officer personnel records also pertain to ongoing police investigations, such may also fall under the federal police investigative privilege.

As explained above, absent a stay of discovery, this investigation is likely to be undermined in a manner that threatens public safety and the administration of justice. Specifically, absent a stay, Defendants will be forced to begin producing in civil discovery information and records in which the disclosure of could put potential witnesses and suspects in danger and compromise the integrity of the homicide investigation resulting in a miscarriage of justice.

C. **Interests of the Court**

A third factor to be considered is the convenience of the Court in the management of its cases and the efficient use of judicial resources. Although the Court has an interest in the speedy resolution of cases, Defendants may be unable to fully participate in the defense of the civil matter while the criminal matter is pending and the Court may be unduly burdened by hearing Fifth Amendment

discovery disputes. In the pursuit of judicial efficiency, these disputes could be avoided with the imposition of a stay. Further, judicial resources spent moving the case to trial are not best served when it is difficult, if not impossible, for each individual defendant to prepare or complete an adequate defense without fear of self-incrimination. The Court's interest in fair and timely resolution of cases would be served by the issuance of a stay.

### D.      Interests of Non-Parties

It is unlikely that non-parties' interests will be adversely affected by a stay of discovery proceedings against Defendant Officer Lopez. Arguably, the interests of all non-parties would be served by permitting the CA DOJ's fact-finding investigation to be completed before commencement of civil discovery.

### E.      Interest of Public in Pending Civil and Criminal Litigation

A fifth factor is the interests of the public in the pending civil and criminal actions. Certainly, public policy favors fair trials, where issues are fully litigated. The public also has a strong interest in protecting and preserving the defendants' constitutional rights. Although the public also has an interest in speedy trials, protecting a party's constitutional rights is paramount. The Ninth Circuit in *Keating*, *supra*, cautioned against giving undue consideration to a proceeding's impact on the public. The court stated, "In such high visibility situations, it is especially necessary to guard the rights of defendants, and concern for the public deterrence value of an enforcement proceeding must not be allowed to override the individual defendant's due process rights." *Keating* at 326. This is not a case where a stay of discovery will cause immediate and serious harm to a compelling public interest. Compare *Brock v. Tolkow*, 109 F.R.D. 116, 119, 120 (E.D. N.Y. 1985) (granted stay despite allegations of serious ERISA violations because no tangible public harm, i.e., no allegation that planned beneficiaries were not receiving benefits), with *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d at 1368, 1377 (D.C. Cir. 1980) (denied stay to avoid the "[d]issemination of false or misleading information by companies to members of the

investing public"). In the instant case, the public's interest would be served by imposing a stay on civil discovery while the CA DOJ's fact-finding investigation proceeds.

In summary, in weighing the interests of all parties, the Court, and the public, the balance clearly tips in favor of staying discovery as to Defendant Officer Lopez in order to preserve his Fifth Amendment rights.

## V.   CONCLUSION

In consideration that Defendants have produced substantial evidence to Plaintiffs, it is unlikely that Plaintiffs would be prejudiced by a temporary and narrowly-drawn stay. However, should the stay be denied, the risk to Defendant Officer Lopez of his rights being infringed upon is significant. For these reasons, Defendants respectfully request that the Court temporarily stay discovery against Defendant Officer Lopez until the CA DOJ concludes its criminal investigation.

DATED:  November 30, 2023

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:   /s/ Kayleigh Andersen
Eugene P. Ramirez
Kayleigh Andersen
Attorneys for Defendant, County of San Bernardino and Justin Lopez