LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (Bar No. 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333; Fax: (818) 347-4118

LAW OFFICE OF JAMES S. TERRELL
James S. Terrell (Bar No. 170409)
15411 Anacapa Road
Victorville, CA 92392
Tel: (760) 951-5850; Fax: (760) 952-1085
Email:  jim@talktoterrell.com

LAW OFFICE OF SHARON J. BRUNNER
Sharon J. Brunner (Bar No. 229931)
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel: (760) 243-9997; Fax: (760) 843-8155
Email:  sharonjbrunner@yahoo.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.H. and H.H, in each case a minor, by and through their guardian *ad litem* Crystal Hanson, individually and as successor in interest to Shane Holland, deceased; C.H., a minor, by and through her guardian ad litem, Reymi Updike; individually and as successor in interest to Shane Holland, deceased, and PATRICIA HOLLAND, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; JUSTIN LOPEZ DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-01028-JGB-SHK<br><br>*Assigned to*:<br>Hon Jesus G. Bernal<br>Hon. Magistrate Judge Shashi H. Kewalramani<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING CONCLUSION OF THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**<br><br>*[Declaration of Renee V. Masongsong filed concurrently herewith]*<br><br>Date:   Jan. 8, 2024<br>Time:  9:00 a.m.<br>Ctrm:  1 |

## **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITES ............................................... 1

I. INTRODUCTION .................................................................................... 1

II. LEGAL STANDARD ............................................................................... 3

III. ANALYSIS ............................................................................................... 4

    A. The Fact that a Defendant Deputy *Could* Potentially Exercise their Fifth Amendment Right is an Insufficient Basis for a Stay ........... 4

    B. Plaintiff Has a Strong Interest In Proceeding Expeditiously with this Litigation, and Would Be Prejudiced By Delay ............................ 8

    C. The Burden the Civil Proceedings Would Impose on Defendants Appears to Be Minimal ................................................................... 9

    D. The Efficient Use of Judicial Resources Counsel Against Staying the Case ....................................................................................... 10

    E. The Interest of the Public in the Pending Civil Litigation Does Not Weigh in Favor of a Stay ......................................................... 11

IV. CONCLUSION ...................................................................................... 12

# TABLE OF AUTHORITIES

Cases

*Blankenship v. Hearst Corp.*,
   519 F.2d 418 (9th Cir. 1975)......................................................................3

*Carlson v. City of Redondo Beach*,
   2020 WL 7714699 (C.D. Cal. Dec. 29, 2020) ..........................................7

*Christian v. Rutkowski*,
   2015 WL 5456600 (C.D. Cal. Sept. 17, 2015)..........................................6

*Clinton v. Jones*,
   520 U.S. 681 (1997) ................................................................................10

*Comm'n on Peace Officer Standards & Training v. Superior Court*,
   42 Cal. 4th 278 (2007)............................................................................11

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
   498 F.3d 1059 (9th Cir. 2007)...................................................................9

*ESG Capital Partners LP v. Stratos*,
   22 F.Supp.3d 1042 (C.D. Cal. 2014).....................................................8, 9

*Est. of Rob Marquise Adams v. City of San Bernardino*,
   No. EDCV222206JGBSPX, 2023 WL 4843074 (C.D. Cal. June 1, 2023)..4, 6

*Estate of Lopez v. Suhr*,
   No. 15 Civ. 01846, 2016 WL 1639547 (N.D. Cal. Apr. 26, 2016) ..................3

*Estate of Morad v. City of Long Beach*,
   No. CV1606785MWFAJWX, 2017 WL 5187826 (C.D. Cal. Apr. 28, 2017) 5, 12

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*,
   889 F.2d 899 (9th Cir. 1980).............................................................passim

*Franco v. City of W. Covina.*
   No. EDCV182587JGBSHKX, 2019 WL 6794203 (C.D. Cal. July 5, 2019).11

*Gonzalez v. Cty. of Merced*,
   289 F. Supp. 3d 1094 (E.D. Cal. 2017)....................................................11

*Grimes v. Knife River Constr.*,
   No. S-13-02225 KJM CMK, 2014 WL 1883812 (E.D. Cal. May 12, 2014)....4

*IBM v. Brown*,
   857 F.Supp 1384 (C.D. Cal 1994)...........................................................10

*Keating v. Off. of Thrift Supervision*,
   45 F.3d 322 (9th Cir. 1995)........................................................3, 4, 9, 11

*KLATencor Corp. v. Murphy*,
    717 F. Supp. 2d 895 (N.D. Cal. 2010) .............................................................. 4

*Lindsey v. City of Pasadena*,
    No. CV1608602SJORAOX, 2017 WL 5891097 (C.D. Cal. Mar. 24, 2017) 6, 9

*Maryland v. Universal Elections, Inc.*,
    729 F.3d 370 (4th Cir. 2013) .............................................................................. 5

*Perez v. County of Los Angeles*,
    No. CV1509585SJOFFMX, 2016 WL 10576622 (C.D. Cal. May 3, 2016) .... 6

*Perez v. Cty. of Los Angeles*,
    No. CV 15-09585 SJO (FFMx), 2016 WL 10576622 (C.D. Cal. May 3, 2016)
    ........................................................................................................................ 11

*S.E.C. v. Dresser Industries, Inc.*,
    628 F.2d 1368 (D.C. Cir. 1980) ......................................................................... 5

*S.E.C. v. Glob. Express Capital Real Estate Inv. Fund, I, LLC*,
    289 Fed. Appx. 183 (9th Cir. 2008) ............................................................. 4, 5

*Sanrio, Inc. v. Ronnie Home Textile Inc.*,
    No. 2:14-CV-06369-RSWL, 2015 WL 1062035 (C.D. Cal. Mar. 10, 2015) . 10

*Sartor v. Cnty. of Riverside*,
    2022 WL 18278597 (C.D. Cal. Nov. 30, 2022) ................................................ 6

*Sec. & Exch. Comm'n v. Braslau*,
    No. 14-01290-ODW (AJWX), 2015 WL 9591482 (C.D. Cal. Dec. 29, 2015)
    ........................................................................................................................ 10

*Securities & Exchange Comm'n v. Dresser Indus.*,
    628 F.2d 1368 (D.C. Cir.), *cert. denied,* 449 U.S. 993 (1980) ........................ 3

*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*,
    720 F.Supp.805 (N.D. Cal. 1989) ..................................................................... 8

*U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.*,
    297 F. Supp. 2d 531 (E.D.N.Y. 2003) ............................................................... 5

*Vargas v. Cnty. of Los Angeles*,
    No. CV 19-3279 PSG (ASX), 2019 WL 6655269 (C.D. Cal. July 10, 2019) .. 6

*Waller v. Georgia*,
    467 U.S. 39 (1984) ........................................................................................... 11

# MEMORANDUM OF POINTS AND AUTHORITES

## I. INTRODUCTION

This civil rights and state tort action arises out of the excessive and unreasonable force used on Decedent Shane Holland by San Bernardino County Sheriff's Department Deputy Justin Lopez. During the early morning hours of June 21, 2022, Deputy Lopez initiated a traffic stop on a vehichle where the decedent, Shane Holland, was a passenger. Plaintiffs filed their Complaint on June 2, 2023, alleging in significant part that Justin Lopez used excessive and unreasonable force against Mr. Holland. Mr. Holland exited the vehicle on the passenger side and began running into the desert. Deputy Lopez began to pursue Mr. Holland on foot. When Mr. Holland was running away, Deputy Lopez discharged his gun at Mr. Holland multiple times, killing him. Deputy Lopez did not give Mr. Holland a verbal warning that he was prepared to use deadly force before he shot him. At all relevant times, including at the time of the shooting, Mr. Holland was unarmed and posed no immediate threat of death or serious bodily injury to any person.  Additionally, there were other reasonable alternative measures available to Deputy Lopez rather than shooting. No criminal charges are pending against Deputy Lopez.

Defendants County and Deputy Lopez now move to stay this matter pending conclusion of the California Department of Justice's ("CA DOJ") investigation into Justin Lopez's use of deadly force. Defendants' motion should be denied for several reasons.  First, staying discovery as to Deputy Lopez will delay Plaintiffs' day in court.  Second, it is unlikely that Deputy Lopez will be criminally charged.  Third, the privileges that Defendants assert do not apply.  There is no evidence that this civil rights lawsuit will compromise the CA DOJ investigation.  Importantly, all the *Keating / Molinaro* factors are either not ripe or weigh against a stay in this case.

The CA DOJ should not have the power to dictate the timing of the federal court's calendar.  The CA DOJ has no incentive or requirement to complete timely investigations, nor incentive to timely publish their findings.  A review of the CA

DOJ's website shows three shootings that have been under investigation for over 28 months. (Declaration of Renee V. Masongsong ("Masongsong Decl.") at ¶¶ 2, 4). For example, the undersigned Plaintiffs' counsel is currently handling the Central District matter *Garcia v. City of Tustin*, no. 8:22-cv-00131 SPG KES, which arises from the August 9, 2021 shooting of Luis Garcia. (Masongsong Decl. at ¶ 2.) Although Defendants estimate that most CA DOJ investigations are completed within 25 months, a simple review of the CA DOJ's website shows that the shooting of Luis Garcia has been "under investigation" for over 28 months. (Def. Mot. 3:7-16; Masongsong Decl. at ¶ 2; https://oag.ca.gov/ois-incidents/current-cases (BI-LA2021-00019)). In the *Garcia* matter, the parties proceeded with the shooting officer's deposition, notwithstanding the pending CA DOJ investigation, and no aspect of the *Garcia* civil case was stayed. (Masongsong Decl. at ¶ 3).

The CA DOJ's website also shows that the July 26, 2021 shooting of Samuel Soto, as well as the August 7, 2021 shooting of Che Zuniga, are still under investigation more than 28 months after those shootings. (Masongsong Decl. at ¶ 4; https://oag.ca.gov/ois-incidents/current-cases (BI-RI2021-00023 and BI-RI2021-00024)). Similarly, the CA DOJ's investigation into the September 28, 2021 shooting of Brandon Lopez was not released until November 1, 2023. (Masongsong Decl. at ¶ 5). This shows that the investigation into the shooting of Shane Holland could take an additional ten months or longer.

The current scheduling order in this case sets the discovery cutoff as July 1, 2024, and the trial date as November 5, 2024. (Dkt. 21). Thus, Defendants' request for a stay as to Deputy Lopez's deposition is essentially a request to continue the dates in this case. Deputy Lopez is the only individual defendant in this case, and the key issue in this case is whether Deputy Lopez used excessive and unreasonable force when he shot Mr. Holland. Rather than staying discovery as to Deputy Lopez, this Court should require Deputy Lopez to appear for his deposition. For each of these

reasons and the reasons set forth below, Defendants' Motion should be denied, and Plaintiffs should be permitted to conduct Deputy Lopez's deposition without delay.

## II.     LEGAL STANDARD

There is no constitutional requirement to stay civil proceedings pending the outcome of criminal proceedings. *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "[P]arallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Id.* (quoting *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1374 (D.C. Cir.), cert. denied, 449 U.S. 993 (1980). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and compelling interests involved in the case." *Keating*, 45 F.3d at 324 (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1980) (*Molinaro*)). It is the requesting party's "heavy burden" to make a "strong showing," that a civil case should be stayed. *Estate of Lopez v. Suhr*, No. 15 Civ. 01846, 2016 WL 1639547, at *3 (N.D. Cal. Apr. 26, 2016) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Courts are therefore instructed to consider "the extent to which the defendant's Fifth Amendment rights are implicated." *Molinaro*, 889 F.2d at 902.  In addition, courts "should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.3d at 324-25 (citing *Molinaro*, 889 F.2d at 903).  Here, Plaintiffs contend that the *Keating* factors strongly weigh against staying discovery as to Deputy Lopez.

//

## III. ANALYSIS

### A. The Fact that Deputy Lopez *Could* Potentially Exercise His Fifth Amendment Right is an Insufficient Basis for a Stay

There are no criminal charges pending against Deputy Lopez and no indication that any charges will be pressed against him. Although "there is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both" civil and criminal cases, "the case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903, *see also S.E.C. v. Glob. Express Capital Real Estate Inv. Fund, I, LLC*, 289 Fed. Appx. 183, 191 (9th Cir. 2008) ("The case for staying civil proceedings is weak when no indictment has been returned."). Indeed, "there do not appear to be any cases granting a stay 'in the absence of any hint of criminal proceedings.'" *Grimes v. Knife River Constr.*, No. S-13-02225 KJM CMK, 2014 WL 1883812, at *2 (E.D. Cal. May 12, 2014) (quoting *KLATencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 902 (N.D. Cal. 2010)). Moreover, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment Privilege." *Keating*, 45 F.3d at 326. In the absence of an indictment, *Keating* stays are rarely granted. *See Est. of Rob Marquise Adams v. City of San Bernardino,* No. EDCV222206JGBSPX, 2023 WL 4843074 at *5 (C.D. Cal. June 1, 2023).

In *Keating*, the Ninth Circuit upheld the lower court's denial of the plaintiff's request for a stay, despite the fact that the plaintiff was already facing criminal charges in a parallel criminal proceeding. *Keating*, 45 F.3d at 325. Since then, the Ninth Circuit has considered this issue in a case with a similar procedural posture to this one: where no indictment is returned, nor charges filed. *See Molinaro*, *supra,* 889 F.2d 899. In *Molinaro*, the defendant in the civil proceedings learned that the FBI was investigating him and that he might soon be indicted on charges related to the issues raised in the civil proceedings. 889 F.2d 899, 901. Fearing that the criminal

1  investigation could capitalize on inculpatory evidence generated through discovery in
2  the civil proceedings, the defendant filed a motion to stay discovery indefinitely. The
3  trial court denied the motion, and the Ninth Circuit upheld that ruling. *Id.* No criminal
4  charges or indictments were pending against the defendant, and the mere possibility
5  that criminal charges could have been brought against the defendant did not outweigh
6  the other *Keating* factors. *Id.* at 903 (holding that "any burden on Molinaro's Fifth
7  Amendment privilege was negligible," where no related criminal indictments were
8  pending against him).

        Increasingly, courts in the Central District have been confronted with these motions to stay, on facts and procedural postures very similar to the instant case. Overwhelmingly, these courts have followed *Molinaro's* instruction and denied the motions to stay civil proceedings in the absence of an indictment. For example, in *Estate of Morad v. City of Long Beach*, the Court denied the defendant's request for a limited stay of 120 days in a wrongful death/excessive force case, pending the resolution of the Los Angeles County Justice System Integrity Division ("LA JSID") investigation. No. CV1606785MWFAJWX, 2017 WL 5187826 at *8 (C.D. Cal. Apr. 28, 2017) ("Indeed, *Keating* stays are rarely, if ever granted where no indictment has yet been returned.") (citing *Molinaro*, 889 F.2d at 903); *see also S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (noting that the fact that no indictment had been returned weakened the argument for a stay); *S.E.C. v. Glob. Express Capital Real Estate Inv. Fund, I, LLC*, 289 Fed. Appx. 183, 191 (9th Cir. 2008) ("The case for staying civil proceedings is weak when no indictment has been returned."); *accord Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) ("Stays generally are not granted before an indictment has issued."); *U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.*, 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003) ("Pre-indictment requests for a stay of civil proceedings are generally denied.").

Similarly, in *Perez v. County of Los Angeles*, the Court declined to grant defendants' request for a stay, despite factual overlap between the complaint and any criminal charges the involved officer would potentially face because the LA JSID investigation itself was not sufficient evidence that the Los Angeles District Attorney's office was going to criminally charge him. No. CV1509585SJOFFMX, 2016 WL 10576622 at * 3 (C.D. Cal. May 3, 2016) ("[T]he Court cannot conclude that not staying this action would substantially interfere with [the defendant's] Fifth Amendment rights."). Recently, in *Est. of Rob Marquise Adams v. City of San Bernardino*, the court also denied defendants' motion to stay, under similar factual and procedural circumstances to the instant case. No. EDCV222206JGBSPX, 2023 WL 4843074 at * 5 (C.D. Cal. June 1, 2023). In its opinion, the court consolidated similar cases from the Central District involving motions to stay civil rights proceedings in wrongful death and excessive use of force cases due to pending LA JSID evaluations. *Id.*, at *5-6. For example, in *Vargas v. Cnty. of Los Angeles*, the Court found that proceeding with the civil case pending the resolution of the LA JSID evaluation only remotely threatened defendant officers' Fifth Amendment rights because – as is the case here – the defendants did not provide "any information about timing and scope of potential criminal charges, let alone any indicia that indictment is imminent." No. CV 19-3279 PSG (ASX), 2019 WL 6655269 at *2 (C.D. Cal. July 10, 2019); *see also*, *Lindsey v. City of Pasadena*, No. CV1608602SJORAOX, 2017 WL 5891097 (C.D. Cal. Mar. 24, 2017) (denying motion to stay in excessive force/wrongful death case where no evidence that criminal charges were imminent or any findings that the defendants acted unlawfully did not substantially interfere with defendants' Fifth Amendment rights.); *see also*, *Christian v. Rutkowski*, 2015 WL 5456600, at *2 (C.D. Cal. Sept. 17, 2015) (same); and *Sartor v. Cnty. of Riverside*, 2022 WL 18278597, at *3-4 (C.D. Cal. Nov. 30, 2022) (same).

Courts in this District consistently reject stays of the civil case pending the resolution of evaluation by the relevant district attorneys' offices (or here, the CA

DOJ) because "there is no basis in law or reason to create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers." *Carlson v. City of Redondo Beach*, 2020 WL 7714699, at *2-3 (C.D. Cal. Dec. 29, 2020) (in a police shooting case where there was no evidence of a certain timeline or status of the LA JSID evaluation, likelihood of an impending indictment). In *Carlson*, the Court found that an implication of the involved officers' Fifth Amendment Rights would be merely "speculative" due to a "possibility" of criminal charges being brought against the involved officers. *Id.* Notably, the LA JSID evaluation in *Carlson* took approximately four and half years from the date of the incident to be published online and relied only on facts discovered within months of the incident.[1]

In this case, there is no evidence that criminal charges are imminent. Defendants' argument that Deputy Lopez *may* be charged, and therefore *may* implicate the Fifth Amendment, is also speculative. Defendants should not be granted the opportunity to have this case stalled indefinitely when they have not and cannot provide any actual timeline by which the CA DOJ's evaluation may be completed. As indicated above and in the attached declaration of undersigned counsel, the CA DOJ still has not completed its investigations into three shootings that occurred over 28 months ago. (Masongsong Decl. at ¶¶ 1, 4). This shows that the investigation into the shooting of Shane Holland could take an additional ten months or longer. Defendants have not indicated whether their request for a stay should last for a particular time period and make no distinction between whether the requested stay should last from the CA DOJ's internal decision whether to charge the involved deputies, or possibly years later, when the report is made public. Thus, Defendants

---

[1] Available online at: https://da.lacounty.gov/sites/default/files/pdf/JSID-OIS-05-25-23-Carlson.pdf

have failed to demonstrate that the present civil litigation will substantially interfere with Deputy Lopez's Fifth Amendment rights.

Plaintiffs acknowledge that Defendant County has produced several investigative documents in discovery and acknowledge that Defendant County is not requesting a stay of discovery as to Defendant County. However, Deputy Lopez is the only individual defendant in this case, and Plaintiffs' *Monell* claims against the County are derivative of Deputy Lopez's use of force against Mr. Holland. Defendants' proposition that Plaintiffs could still retain experts is hollow, as the police practices experts on both sides would typically review Deputy Lopez's deposition and initial interview to form their opinions in this case. Defendants raise a host of hypothetical issues relating to production of Deputy Lopez's personnel files and documents relating to how the CA DOJ conducts its investigation. As a practical matter, Plaintiffs are most interested in obtaining a copy of Deputy Lopez's initial interview and taking Deputy Lopez's deposition without delay. Additionally, Defendants' concern that disclosure of investigative documents could put "potential witnesses and suspects in danger and compromise the integrity of the homicide investigation" is disingenuous, given that Defendants have already produced the interview of the only civilian witness and the names of the involved/responding officers, and Defendants do not seek a stay of the depositions as to those individuals. (Def. Mot. 12:21-22).

**B. Plaintiffs Have a Strong Interest in Proceeding Expeditiously with this Litigation, and Would Be Prejudiced by Delay**

Courts uniformly recognize that a "civil plaintiff has an interest in having her case resolved quickly." *ESG Capital Partners LP v. Stratos*, 22 F.Supp.3d 1042, 1046 (C.D. Cal. 2014). Plaintiffs have a significant interest in obtaining resolution of her claims and receiving compensation if proved she is entitled to it. *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp.805, 809 (N.D. Cal. 1989) ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek

vindication or redress for indefinite periods of time on end."). What Defendants are requesting effectively amounts to an indefinite stay, which is disfavored and delays relief to which Plaintiffs may be entitled. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Thus, Plaintiff is necessarily prejudiced by the delay caused by a stay.

Defendants' arguments to the contrary are unpersuasive and rely on an out of circuit decision that is premised on a different balancing test. Plaintiffs will certainly be prejudiced by an indefinite delay of their case, which is what Defendants are requesting. That Plaintiffs will eventually have access to the evidence collected in the criminal investigation – an investigation that has resulted in no charges in the approximately now eighteen months since the subject incident – does nothing for Plaintiffs who otherwise would be entitled to access that evidence through discovery in their civil proceeding now.

### C. The Burden the Civil Proceedings Would Impose on Defendants Appears to Be Minimal

Courts have found that even when a defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other "compelling factors as described in Keating." *ESG Capital Partners*, 22 F.Supp.3d at 1046; *see also Lindsey v. City of Pasadena*, No. CV-1608602-SJO (RAOx), 2017 WL 5891097, at *4 (C.D. Cal. Mar. 24, 2017) (Otero, J.).  Indeed, as cited above, "[n]ot only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Keating*, 45 F.3d at 326. As such, "[t]he Ninth Circuit has found that where a defendant has had adequate time to prepare for a related civil trial, the burden on the defendant is substantially diminished." *Id.* at 325. Courts also consider "the convenience of the court in the management of its cases, and the efficient use of

judicial resources[.]" *Keating*, 45 F.3d at 325.  The Ninth Circuit has held that a district court has an interest in clearing its docket and that this factor weighs in favor of denying a motion to stay.  *Molinaro*, 899 F.2d at 903.

Here, where the County of San Bernardino's witnesses' and investigators' Fifth Amendment rights have not been implicated, Defendant Lopez has not sufficiently demonstrated that the denial of a stay would create a significant and undue burden. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").  Moreover, Defendant Lopez has submitted nothing to establish that he would suffer any prejudice from denial of a stay, such as a declaration offering any evidence at all in regard to this factor.  This, too, weighs against a stay.

**D. The Efficient Use of Judicial Resources Counsel Against Staying the Case**

Judicial efficiency likewise weighs against issuing a stay in this case since the district court "ha[s] an interest in clearing its docket." *Molinaro*, 889 F.2d at 903. Consequently, "[t]his factor usually weighs against granting a stay...." *Sec. & Exch. Comm'n v. Braslau*, No. 14-01290-ODW (AJWX), 2015 WL 9591482, at *4 (C.D. Cal. Dec. 29, 2015); *see also Sanrio, Inc. v. Ronnie Home Textile Inc.*, No. 2:14-CV-06369-RSWL, 2015 WL 1062035, at *4 (C.D. Cal. Mar. 10, 2015). Indeed, "a policy of issuing stays solely because a litigant is defending simultaneous multiple suits would threaten to become a constant source of delay and an interference with judicial administration." *IBM v. Brown*, 857 F. Supp 1384, 1392 (C.D. Cal 1994). Here, there is no second criminal case before this (or any) Court and Defendants cannot guarantee an estimate for the length of the CA DOJ investigation.  Here, particularly in the absence of an indictment, Defendants offer no concrete reason to conclude that the alleged criminal investigation will in any meaningful way obstruct the resolution of this action.  Thus, it is contrary to judicial economy to stay the case, and this factor weighs against a stay.

### E. The Interest of the Public in the Pending Civil Litigation Does Not Weigh in Favor of a Stay

The public has an interest in the "speedy resolution" of this action. *Keating*, 45 F.3d at 325; *see also Molinaro*, 889 F.2d at 903 (finding that the interest of the public "would be frustrated by further delay."). The public has an interest in the prompt disposition of civil litigation, an interest that has been enacted into positive law through the Civil Justice Reform Act of 1990. See 28 U.S.C. §§471-82. A stay would clearly impair that interest. *Perez v. Cty. of Los Angeles*, No. CV 15-09585 SJO (FFMx), 2016 WL 10576622, at 4* (C.D. Cal. May 3, 2016). However, courts have routinely recognized that the public has "a strong interest in exposing substantial allegations of police misconduct to the salutary effects of public scrutiny." *Waller v. Georgia*, 467 U.S. 39, 46-47 (1984); *see also Comm'n on Peace Officer Standards & Training v. Superior Court*, 42 Cal. 4th 278, 297 (2007) ("The abuse of a patrolman's office can have great potential for social harm."). In addition, "the public does have an interest in ensuring that the victim is made whole as rapidly as possible." *Gonzalez v. Cty. of Merced*, 289 F. Supp. 3d 1094, 1129 (E.D. Cal. 2017).

Moreover, courts in the Central District have rejected this argument. *See Franco v. City of W. Covina,* No. EDCV182587JGBSHKX, 2019 WL 6794203 at *4 (C.D. Cal. July 5, 2019). In *Franco,* the court was unpersuaded by Defendants' arguments that proceedings in a parallel civil case could subvert the criminal investigation process, finding that such an interest "is minimal where, as here, there is no evidence that criminal charges will ever be brought." In fact, "The public has a countervailing interest in the speedy resolution of civil cases, particularly ones related to matters of public concern such as officer-involved shootings." *Id.*, (citing *Keating*, 45 F.3d at 326). Rather, the public is served by allowing these matters of public concern to proceed forward, instead of "allowing an inexplicably lengthy review process[] to postpone the resolution of civil litigation against municipalities and their agents." *Id.* Similarly, in cases such as this, where excessive force and police

misconduct are alleged, the public has a strong interest "to see that justice be fairly and efficiently done." *Est. of Morad*, *supra*, No. CV1606785MWFAJWX, 2017 WL 5187826 at *9.

The public's interest in ensuring that police officers who use excessive and unreasonable deadly force are held to answer is fulfilled by civil plaintiffs. Although the public has a countervailing interest in ensuring that the criminal process can proceed untainted by civil litigation, this interest is minimal where, as here, there is no evidence that criminal charges will even be brought. Accordingly, this factor weighs against staying the instant action.

## IV. CONCLUSION

All the aforementioned factors weigh against any stay the instant action. Thus, Plaintiffs respectfully request this Honorable Court to deny Defendants' Motion to Stay.

Dated: December 18, 2023  **LAW OFFICES OF DALE K. GALIPO**

By: _____s/ *Renee V. Masongsong*_____
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, hereby certifies that this brief contains 3,878 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 18, 2023  **LAW OFFICES OF DALE K. GALIPO**

By: _____*s/ Renee V. Masongsong*_____
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs*