1  Eugene P. Ramirez (State Bar No. 134865)
   *eugene.ramirez@manningkass.com*
2  Kayleigh Andersen (State Bar No. 306442)
   *kayleigh.andersen@manningkass.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
7  Attorneys for Defendant, County of San
   Bernardino

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  A.H. and H.H., in each case a minor, by     Case No. 5:23-cv-01028-JGB (SHKx)
    and through their guardian ad litem,
12  Crystal Hanson, individually and as          District Judge:  Jesus G. Bernal
    successor in interest to Shane Holland,      Magistrate Judge:  Shashi H.
13  deceased; C.H., a minor, by and through      Kewalramani
    her guardian ad litem, Reymi Updike,
14  individually and as successor in interest    **REPLY TO PLAINTIFFS'**
    to Shane Holland, deceased, and              **OPPOSITION TO DEFENDANTS'**
15  PATRICIA HOLLAND, individually,              **MOTION FOR A TEMPORARY**
                                                 **STAY OF DISCOVERY PENDING**
16            Plaintiff,                         **THE CALIFORNIA DEPARTMENT**
                                                 **OF JUSTICE INVESTIGATION**
17       v.

18  COUNTY OF SAN BERNARDINO;                    Date:  January 8, 2024
    JUSTIN LOPEZ and DOES 1-10,                  Time: 9:00 a.m.
19  inclusive                                    Ctrm: 1
              Defendant.
20

21

22

23

24

25

26

27

28

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF
DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

1

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................2

TABLE OF AUTHORITIES ......................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES.............................4

I.     INTRODUCTION......................................................................4

II.    TEMPORARY STAYS OF DISCOVERY ARE GRANTED IN THIS DISTRICT WHEN NARROWLY DRAWN AND SIGNIFICANT OVERLAP BETWEEN THE CIVIL CASE AND CRIMINAL INVESTIGATION EXISTS .....5

III.   DEFENDANTS REQUEST A NARROW STAY THAT IS DEFINITE AND WILL NOT HALT ALL PROCEEDINGS OR ALL DISCOVERY .........................9

IV.    THERE IS NO RULE THAT REQUIRES AN INDICTMENT TO PROTECT THE CONSTITUTIONAL RIGHTS OF A DEFENDANT ....................................11

VI.    THE *KEATING* FACTORS SUPPORT A TEMPORARY STAY OF DISCOVERY DIRECTED TO DEFENDANT LOPEZ...........................................13

   A.   *Defendant's Fifth Amendment Rights Are At Direct And Significant Risk* ...13

   B.   *Plaintiffs Have Not Established That Plaintiffs Would Sustain Any Substantial Harm From The Proposed Stay* ..........................................................14

   C.   *The Other Keating Factors Weigh In Favor Of The Proposed Stay* ............15

VII.   CONCLUSION .........................................................................15

CERTIFICATE OF COMPLIANCE .......................................................17

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MANNING | KASS**

Case No. 5:23-cv-01028-JGB (SHKx)

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

# TABLE OF AUTHORITIES

**Cases**

*Chao v. Fleming*
  498 F.Supp.2d 1034, 1039 (W.D. Mich. 2007) ...............................................12, 13

*Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*
  No. 15-CV-02440 GPC (WVG), 2016 U.S. Dist. LEXIS 64959, 2016 WL
  2868698 (S.D. Cal. May 17, 2016)........................................................................12

*Douglas v. United States*
  2006 U.S. Dist. LEXIS 52754, 2006 WL 2038375 (N.D. Cal. July 17, 2006).....15

*Estate of Limon v. City of Oxnard*
  No. CV 13-01961 SS, 2013 WL 12131359 (C.D. Cal. Dec. 10, 2013) ...............12

*Federal Savings & Loan Ins. Corp. v. Molinaro*
  889 F.Supp 899, 902-903 (9th Cir. 1989) ...........................................................11

Franco v. City of Covina
  2019 WL 8161159 (C.D. Cat. Nov. 14, 2019) .....................................................8, 9

*Hunt v. Diaz*
  No. 119CV00504-DAD-SAB (PC), 2020 U.S. Dist. LEXIC 203148, 2020 WL
  8465095 (E.D. Cal. Oct. 30, 2020).........................................................................8

*Int'l Business Machines Corp. v. Brown*
  857 F. Supp. 1384, (C.D. Ca. 1994) ....................................................................11

*Keating v. Off. of Thrift Supervision*
  45 F.3d 322 (9th Cir. 1995) ...................................................................................6

*Lopez v. City of Anaheim, et al.*
  No. SASCV221351JVSADSX, 2022 WL 16859969 ...........................................5, 6

*Pinnock v. Doe*
  2014 WL 4679007 (C.D. Cal. Sept. 19, 2014) ......................................................6

*SEC v. Alexander*
  2010 U.S. Dist. LEXIS 138547, 2010 WL 5388000 (N.D. Cal. Dec. 22, 2020) ..15

SEC v. Dresser Indus., Inc.
  628 F.2d 1368 (D.C. Cir. 1980)..........................................................................9, 12

*SEC v. Nicholas*
  569 F.Supp.2d 1065 (C.D. Cal. 2008) ................................................................15

*Williams v. Dumaguindin*
  2021 U.S. Dist. LEXIS 193978
  2021 WL 4464189 (C.D. Cal. August 26, 2021).....................................................7

MANNING | KASS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Defendants County of San Bernardino and Officer Lopez (collectively, "Defendants") have satisfactorily demonstrated how the *Keating* factors support a temporary stay directed at Defendant Lopez. In particular, Defendants have established that the serious and significant risk to Defendant Lopez's Fifth Amendment rights outweighs Plaintiffs' risk of minimal prejudice. Plaintiffs' argument in opposition fails to overcome Defendants' showing.

First, Defendants request only a narrow, temporary stay of discovery as to Defendant Lopez to protect his Fifth Amendment right against self-incrimination and to prevent the judiciary and jury pool from drawing adverse inferences should he testify and plead the Fifth.

Second, while Defendants request a stay be issued until the California Department of Justice's ("CA DOJ") criminal investigation against Defendant Lopez concludes, the Court may choose to restrict the time period of a stay to six-months or even 90 days. This would alleviate any fear from Plaintiffs or the Court that the stay would be indefinite.

Third, such a limited stay would not inhibit the case from progressing or restrict discovery as to the municipal Defendant County of San Bernardino.

While Plaintiffs object to a stay, the likelihood of prejudice to them is minimal. Defendants have produced substantial evidence to Plaintiffs. Moreover, Plaintiffs admit they are most interested in deposing Defendant Lopez and obtaining a copy of his initial interview[1] [Dkt. 29 at 8:12-14], and while a stay would

---

[1] Defendants served Plaintiffs a report that stated Defendant Lopez declined to provide the San Bernardino Sheriff's Department with a voluntary statement regarding the investigation, thus there is no initial interview for Plaintiffs to obtain.

4

Case No. 5:23-cv-01028-JGB (SHKx)

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

temporarily postpone the deposition, this assertion actually concedes that a stay would not significantly inhibit the progression of Plaintiff's case or their discovery efforts since Plaintiffs are not contending they require a substantial amount of evidence or discovery from Defendant Lopez[2]. Effectively, this stay would only prohibit or postpone Plaintiffs from taking Defendant Lopez's deposition.

However, should this stay be denied, Defendant Lopez faces substantial risk that his constitutionally protected rights will be infringed upon. Defendant Lopez would ultimately be forced to make a choice between testifying and possibly inviting self-incrimination or risk the fact-finder forming negative inferences from his refusal to testify.

## II.   TEMPORARY STAYS OF DISCOVERY ARE GRANTED IN THIS DISTRICT WHEN NARROWLY DRAWN AND SIGNIFICANT OVERLAP BETWEEN THE CIVIL CASE AND CRIMINAL INVESTIGATION EXISTS

Although Plaintiffs failed to cite these cases, the United States District Court for the Central District of California has recently issued temporary stays of 90 days in actions similar to this case.

On October 20, 2022, in *Lopez v. City of Anaheim*[3], the Court granted four officer defendants a temporary 90-day stay of discovery while the CA DOJ investigation was ongoing, and extended it by 90-days three times[4]. *Brandon Lopez v. City of Anaheim, et al.*, No. SASCV221351JVSADSX, 2022 WL 16859969, at *2

---

[2] This is likely because Defendants provided Plaintiffs with more than 143 discovery and evidentiary items directly related to Defendant Lopez.

[3] Interestingly enough, counsel for the plaintiffs in *Lopez* were the same as counsel for Plaintiffs in the instant action at the time the stay was granted. The plaintiffs in *Lopez* were represented by Renee V. Masongsong and Dale Galipo of the Law Offices of Dale Galipo, until September 12, 2023. While the defendants who were granted the stay were and are currently represented by G. Craig Smith and Eugene P. Ramirez of Manning and Kass, Ellrod, Ramirez, Trester LLP.

[4] The CA DOJ concluded its investigation of the death of Brandon Lopez and issued a report on November 1, 2023.

Case No. 5:23-cv-01028-JGB (SHKx)
**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

MANNING | KASS

1   (C.D. Cal. Oct. 20, 2022).

2        In *Lopez*, the court concluded that the *Keating* factors weighed in favor of a

3   temporary stay, and that a 90-day stay would adequately balance the interests of the

4   public and preserve the constitutional rights of the officer defendants. *Lopez*, No.

5   SASCV221351JVSADSX, 2022 WL 16859969, at *4 (citing *Keating v. Off. of*

6   *Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995)). At the time the stay was issued, the

7   CA DOJ investigation had been pending for approximately 15 months—similar to

8   the timeframe in the instant case.

9        The court determined that "based on the overlap between the present civil

10   case and the California DOJ investigation, and the potential for criminal liability,

11   Officers Defendants have a 'significant, though not overwhelming' Fifth

12   Amendment interest." *Lopez*, No. SASCV221351JVSADSX, 2022 WL 16859969,

13   at *2 (C.D. Cal. Oct. 20, 2022) (citing *Pinnock v. Doe*, 2014 WL 4679007, at *2

14   (C.D. Cal. Sept. 19, 2014), which granted a 90-day stay based on a pending criminal

15   investigation but lack of an indictment). Similar to the instant case, none of the four

16   officer defendants had been indicted but were merely under investigation. The court

17   recited that "[t]he status of the criminal proceeding is crucial, though not

18   determinative, in a court's decision whether or not to stay the civil case" and

19   conceded that request is weaker when no criminal indictment has been returned.

20   *Lopez*, No. SASCV221351JVSADSX, 2022 WL 16859969, at *2.

21        While there was no indication that the officer defendants would actually be

22   indicted in *Lopez*, the court still determined that officer defendants' Fifth

23   Amendment rights were significant. *Lopez*, No. SASCV221351JVSADSX, 2022

24   WL 16859969, at *2.

25        The court determined that while the plaintiffs undoubtedly had a strong

26   interest in having their case resolved quickly, they would not be prohibited from

27   moving the case forward and pursuing discovery from the municipal defendants.

28   *Lopez*, No. SACV221351JVSADSX, 2022 WL 16859969, at *3. Additionally, the

Case No. 5:23-cv-01028-JGB (SHKx)

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF**
**DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

court determined that any potential loss of evidence is mitigated by the fact that the CA DOJ is conducting a parallel criminal investigation into the shooting and would likely be preserved. *Id.* Although Plaintiffs argued that a stay, even solely to discovery, would effectively put them out of court, the court effectively disagreed and determined that the plaintiffs would not be unduly prejudiced by a stay. *Id.* The court addressed the remaining *Keating* factors and found that none weighed against granting the four defendant officers' a temporary stay.

Similarly, in August 2021, a stay of discovery as to an individual police officer defendant was granted for an initial 90 days in *Williams v. Dumaguidin* (a culmination of three cases involving a fatal police officer shooting wherein multiple plaintiffs brought actions against individual officers, Edwin Dumaguidin and C. Rosa, the Chief of the Pasadena Police Department, and the City of Pasadena). *Williams v. Dumaguindin*, 2021 U.S. Dist. LEXIS 193978, *6, 2021 WL 4464189 (C.D. Cal. August 26, 2021). Here the court found that defendant Dumaguidin's request for a temporary stay was reasonable because it was narrowly draw to stay only discovery proceedings as to one defendant of many; meaning the discovery and all other proceedings would continue against the remaining three defendants. *Id*. at *6. The court further found that despite an absence of an indictment and no evidence that charges were imminent, the danger to defendant Dumaguidin's Fifth Amendment rights were at significant risk given the overlap between the civil case and criminal investigation. *Id*. at *6-8. The court also determined that although the defendants did not provide much information as to the status of the pending criminal investigation against Dumaguidin, there was no reasonable dispute that the investigation was ongoing. The court stated, "Accordingly, the focus of the criminal investigation and the allegations of the Complaint significantly overlap. Should Plaintiffs seek to depose Dumaguindin while the criminal investigation remains pending, he will fact the choice between waiving his right against self-incrimination and potentially exposing himself to criminal liability, or asserting his right against

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

1  self-incrimination "thereby inviting prejudice in the civil case." (citations omitted).

2  *Id*. at *9.

3      After establishing that defendant Dumaguindin's Fifth Amendment rights

4  were at significant risk it analyzed the remaining *Keating* factors. As to plaintiff's

5  interests, the court found that (1) the limitations on discovery were directed to

6  Dumaguindin alone, therefore plaintiffs could proceed with discovery as to all other

7  defendants and witnesses in this matter; (2) if granted, the stay would be definite

8  and temporary unless Defendants showed good cause for an extension; and (3) a

9  stay could be beneficial to plaintiffs; should Dumaguindin invoke his Fifth

10  Amendment privilege, plaintiffs' discovery could be impeded. *Id*. at *11 (citing

11  *Hunt v. Diaz*, No. 119CV00504-DAD-SAB (PC), 2020 U.S. Dist. LEXIC 203148,

12  2020 WL 8465095, at *2 (E.D. Cal. Oct. 30, 2020).

13      Next, the court determined that if it were to deny the motion, Dumaguindin

14  would face a choice between testifying in this case and asserting his Fifth

15  Amendment privilege against self-incrimination. However, the court was persuaded

16  by plaintiff's argument that in the absence of an indictment, judicial efficiency

17  would not be furthered. But, it determined that limiting the duration of the stay and

18  its scope mitigated plaintiff's concerns, and that a temporary stay would not

19  "significantly affect the timely resolution of this matter, particularly as discovery

20  may proceed during this time as to the other Defendants and witnesses. And as

21  Defendants argue, allowing time for the criminal investigation to proceed might in

22  fact render discovery in this matter more efficient." *Id*. at *11-12.

23      Similarly, in *Franco v. City of Covina*, the court ordered a 90-day stay of the

24  deposition of an individual officer and all discovery to or related to his involvement

25  in the officer involved-shooting incident and subsequently extended this stay two

26  additional times. 2019 WL 8161159, at *3 (C.D. Cal. Nov. 14, 2019). The court

27  found that defendants "did not argue that discovery should be stayed solely because

28  of the prejudice resulting from [defendant's] invocation of the Fifth Amendment,"

Case No. 5:23-cv-01028-JGB (SHKx)

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF
DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

MANNING | KASS

but also because "'[a]llowing a civil action to proceed may . . . 'expand rights of criminal discovery beyond the limits of Federal Rules of Criminal Procedure 6(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.'"" *Id.* (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). The court also agreed with defendants' argument that courts have issued stays "based on Fifth Amendment principles as well as the inherent unfairness of compelling disclosure of a criminal defendant's evidence and defenses before trial." *Id.* (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)). The court further discussed the other Keating factors and acknowledged that the "centrality of [defendant's] involvement in the underlying events" and that "discovery related to [defendant] is vital to the resolution of the central dispute in this case," and that a stay would be beneficial to judicial economy because discovery would be more productive if it is completed after the criminal investigation of defendant concluded. *Id.*

## III.   DEFENDANTS REQUEST A NARROW STAY THAT IS DEFINITE AND WILL NOT HALT ALL PROCEEDINGS OR ALL DISCOVERY

Defendants only seek a stay of discovery as to Defendant Officer Lopez pending the conclusion of the CA DOJ investigation and not for an indefinite period. Alternatively, as the courts above did, this Court could issue an initial 90-day stay and reevaluate the issue upon its expiration. In either event, if the requested stay is granted, Defendants can provide the Court with status updates regarding the CA DOJ investigation. As such, the requested stay is temporary and very limited—not indefinite.

Furthermore, this stay would not be effective against the remaining Defendant County of San Bernardino. Thus, Plaintiffs are free to continue any and all discovery proceedings against the remaining municipal Defendant. The case would progress, regardless of a temporary stay as to the individual Defendant Lopez.

Plaintiffs' characterization that "what Defendants are requesting effectively

amounts to an indefinite stay," is inaccurate. [Dkt. 29 at 9:1-2]. Defendants do not seek an indefinite stay but rather a temporary one that would sunset upon the completion the CA DOJ's investigation. Defendants noted to the Court that the CA DOJ has been investigating this incident since June 21, 2022, or approximately 18 months. [Dkt. 26 at 2:13]. Defendants also provided evidence that this CA DOJ investigative program is relatively new having been effected only since July 2021. [Dkt. 26 at 2:13-14]. At the time Defendants submitted the instant motion to stay, the CA DOJ had concluded four cases, and only thirteen cases that preceded the investigation of decedent Mr. Shane Holland remained open. [Dkt. 26-1 at 3:22-25]. Considering this investigation has been pending for approximately 18 months, it can be reasonably inferred that it is likely to conclude fairly soon given that at least four cases have concluded between 16 to 25 months. [Dkt. 26 at 6:26-7:2].

While Plaintiffs correctly indicate that three cases have been pending for approximately 28 months, there is no indication why these investigations are taking an unusual amount of time; potentially extraordinary circumstances are involved. [Dkt. 29 at 2:1-20]. Or, in more optimistic terms, considering that the four completed cases occurred between July and September 2021, the same timeframe in which the three cases that have been pending 28 months began, it is highly likely that these investigations will conclude quickly.

Regardless, a temporary stay of even only 90-days, would balance the interests of protecting Defendant Lopez's rights and alleviating Plaintiffs' fear of an indefinite stay. Should the Court determine that the investigation is unlikely to conclude in a reasonable amount of time after an initial 90-day stay is granted, then it is free to deny future requests. Moreover, because it appears that decedent Mr. Holland's investigation is on the cusp of the time in which the four completed cases concluded, it is reasonable to extend at least one stay to Defendants, which would terminate by March 2024.

While Plaintiffs argue that the requested stay is analogous to a trial

10

1    continuance request, it is not. A temporary stay, particularly a 90-day stay, would

2    not even disturb the currently set discovery cutoff date of July 1, 2023. Furthermore,

3    trials are continued for multiple reasons, and it is unfair to presume that the only

4    reason this trial could possibly be continued is due to the instant limited stay

5    requested by Defendants. As Plaintiffs mentioned, they are mostly concerned with

6    deposing Defendant Lopez, which they could do with ample time if the instant 90-

7    day stay is granted and the investigation concludes before termination of the stay

8    and no indictment rendered, or if the stay renewal request is denied thereafter. In

9    sum, an initial 90-day stay limited solely to discovery regarding Defendant Lopez,

10   after Defendants have provided substantial evidence to Plaintiffs, should not hinder

11   Plaintiffs' ability to continue to prosecute this case. Thus, Plaintiffs should not be

12   prejudiced by the issuance of a temporary stay.

13          Defendant Lopez should be afforded a brief stay to protect his utmost

14   important Fifth Amendment rights. When balanced against each other, the risk of

15   violating Defendant Lopez's Fifth Amendment rights is substantially greater than the

16   risk of prejudice to Plaintiffs, in this particular case.

17   **IV.    THERE IS NO RULE THAT REQUIRES AN INDICTMENT TO**

18   **PROTECT THE CONSTITUTIONAL RIGHTS OF A DEFENDANT**

19          While Plaintiffs indicate that an indictment is a requisite to stay discovery,

20   this cannot be true. If an actual indictment were required before a defendant could

21   seek a stay to protect his rights, protection would come too late in many cases, as he

22   would already have been forced to make his election and his opportunity to seek

23   protection would be rendered meaningless.[5]

24          An indictment contributes to the "strongest case" for deferring the entirety of

25

26   _____
     [5] Courts have held that once a defendant is deposed regarding his conduct, he has no more Fifth
27   Amendment privilege to assert. *Federal Savings & Loan Ins. Corp. v. Molinaro*, 889 F.Supp 899,
     902-903 (9th Cir. 1989); *Int'l Business Machines v. Brown*, 857 F.Supp. 1384, 1390 (C.D. Cal.
28   1994).

Case No. 5:23-cv-01028-JGB (SHKx)
**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF
DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

MANNING | KASS

a civil proceeding. *SEC v. Dresser Indus., Inc.*, 628 F.2D 1368, 1375-76 (D.C. Cir. 1980). However, it is not a prerequisite to a temporary stay of discovery directed to one of multiple civil defendants. Here, there is an ongoing investigation of Defendant Lopez, which raises the threat of an indictment and presents other elements that make this a strong case for a stay – if Defendant Lopez is indicted, it will be for a serious offense and he will have to defend a civil matter involving the same matter.

Defendant's Fifth Amendment rights are clearly implicated in this matter, and are at direct and significant risk. Courts have recognized that the most important factor triggering the threat to Fifth Amendment rights is the degree of overlap between the subject matter of the civil litigation and the criminal investigation. *Chao v. Fleming*, 498 F.Supp.2d 1034, 1039 (W.D. Mich. 2007); *Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, No. 15-CV-02440 GPC (WVG), 2016 U.S. Dist. LEXIS 64959, 2016 WL 2868698, at *3 (S.D. Cal. May 17, 2016); *Estate of Limon v. City of Oxnard*, No. CV 13-01961 SS, 2013 WL 12131359, at *4 (C.D. Cal. Dec. 10, 2013) (finding that "the Fifth Amendment rights of the individual officer defendants [were] directly implicated because the instant civil lawsuit and the DA's investigation arise out of the same nucleus of facts" warranting a limited stay despite no indictment. There is no question here, that both the civil litigation and criminal investigation concern the same conduct on Defendant Lopez's part, in connection with the same event, which gives rise to a direct and significant threat to the Defendant Lopez's constitutional rights.

The Court has inherent discretion whether to stay civil proceedings and makes these decisions on a case by case basis, based on the particular circumstances and interests involved. Plaintiffs argue that because no criminal charges are currently pending against Defendant Lopez, the mere possibility thereof is insufficient to stay discovery in this matter. [Dkt. 29 at 7:12-14]. Plaintiffs cite a fair amount of cases in which they contend support their position, however, each is factually and materially

Case No. 5:23-cv-01028-JGB (SHKx)

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

distinguishable from the instant case.

There is no dispute that Defendant Lopez being investigated or that there is a potential that they will be indicted. The criminal investigation by the CA DOJ is for the purpose of determining if a criminal indictment should be brought against Defendant Lopez. Defendant Lopez's rights are at significant risk of being infringed and he is potentially facing two independent legal proceedings that considerably overlap. Defendants' request for a stay is not based on speculation but is grounded in the fact that there is more than a possibility that Defendant Lopez can be criminally indicted – a criminal investigation is not speculative, but is in progress. Defendant Lopez is justified in seeking a stay to preemptively protect his constitutional rights and has demonstrated a compelling interest for this request to be granted.

## VI. THE *KEATING* FACTORS SUPPORT A TEMPORARY STAY OF DISCOVERY DIRECTED TO DEFENDANT LOPEZ

It is undisputable that the Court has the discretion to enter the requested stay in favor of parallel criminal proceedings if it in the interests of justice, and Plaintiffs make no argument to the contrary. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995). To determine if a stay is warranted, the Court must consider the *Keating* factors in light of the fact that the stay is narrowly tailored solely to discovery regarding Defendant Lopez. Under *Keating* a court must first consider the extent to which the Defendants' Fifth Amendment rights are implicated and *then* consider the additional factors. *Keating, supra,* at 324-25.

### A. *Defendant's Fifth Amendment Rights Are At Direct And Significant Risk*

The most important factor triggering the threat to Defendant Lopez's Fifth Amendment rights is the degree of overlap between the subject matter of the civil litigation and the criminal investigation. *Chao* at 1039. Here, there is significant overlap between the civil action and the criminal investigation.

For the reasons stated in Section III, Defendants are at direct and significant risk of being violated.

**B.    Plaintiffs Have Not Established That Plaintiffs Would Sustain Any Substantial Harm From The Proposed Stay**

Plaintiffs claim that they would necessarily be prejudiced by the delay caused by any stay, but fail to qualify this assertion. [Dkt. 29 at 9:4-5]. Undoubtedly, an indefinite stay would be prejudicial, but a temporary, potentially 90-day stay would not cause much delay, if any. As addressed above, if the case is so resolved within 90-days and no indictment returned, then the case can proceed on the current scheduling order with no delay or continuance. Additionally, Plaintiffs will not be estopped from continuing this case simply because a stay is granted as to one defendant.

Moreover, Defendants have provided Plaintiffs with substantial evidence—enough evidence so that Plaintiffs are really only lacking Defendant Lopez's deposition testimony. As such, Plaintiffs have not established that they would suffer prejudice, be delayed, or even unable to obtain relevant and necessary evidence should a temporary, even 90-day stay as to discovery against Defendant Lopez be granted. Plaintiffs have all relevant evidence, with the exception of Defendant Lopez's deposition testimony to pursue any *Monell* claims should they exist. Plaintiffs have Defendant Lopez's belt recordings, his POST training records, the San Bernardino Sheriff's Department's Manual Master, eye witness interviews, video, photograph, and audio evidence of the incident, officer interviews, and numerous reports and supplemental reports from the officers on scene. This evidence, culminated with the evidence and discovery Plaintiffs may pursue despite a stay as to Defendant Lopez is significant, and indicates that Plaintiffs will not suffer prejudice.

Overall, Plaintiffs fail to identify any quantifiable prejudice, that is not based in speculation, should the stay be issued. Accordingly, this factor weighs in favor of granting a temporary stay as to Defendant Lopez.

14

Case No. 5:23-cv-01028-JGB (SHKx)
**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

*C.    The Other __Keating__ Factors Weigh In Favor Of The Proposed Stay*

Other interests to be considered are the convenience of the Court, the interest of non-parties and the interest of the public. Plaintiffs cite the interest of the court in "clearing its docket." [Dkt. at 10:14-15]. However, there is no evidence that a temporary stay of discovery as to Defendant Lopez will negatively impact the Court's ability to clear its docket, even if that factor could be considered more important than protecting the constitutional rights of Defendant Lopez.

As discussed in the moving papers, the public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases. *Douglas v. United States*, 2006 U.S. Dist. LEXIS 52754, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006). The public's interest in safeguarding the integrity of the criminal proceeding in which determines the legality and constitutionality of the officer's conduct, outweighs the public's interest in an award of money in a civil proceeding. *SEC v. Nicholas*, 569 F.Supp.2d 1065, 1072-72 (C.D. Cal. 2008) (finding that the criminal proceedings were of primary importance to the public and to defendants, and the civil case, "which carries only civil sanctions and monetary penalties, is not of an equally pressing nature"); see also *SEC v. Alexander*, 2010 U.S. Dist. LEXIS 138547, 2010 WL 5388000, at *6 (N.D. Cal. Dec. 22, 2020) (finding that the "public's interest in fair criminal proceedings" takes precedence over civil proceedings). Thus, the fairness to Defendant Lopez in the pending criminal investigation weighs heavier than Plaintiffs' parallel claim for money damages.

In sum, the *Keating* factors weigh in favor of granting Defendants' narrow, temporary stay of discovery.

## VII.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court issue an Order staying discovery directed to Defendant Lopez pending the conclusion of the CA DOJ's criminal investigation. Or, alternatively, issue a temporary stay of 90-days that may be renewed upon Defendants' request on expiration.

15

Case No. 5:23-cv-01028-JGB (SHKx)

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

1

2     DATED:  December 22, 2023          **MANNING & KASS**

3                                                              **ELLROD, RAMIREZ, TRESTER LLP**

4

5                                                           By:  _____/s/ Kayleigh Andersen_____

6                                                                  Kayleigh Andersen

7                                                                  Attorneys for Defendant, County of San
                                                                        Bernardino

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:23-cv-01028-JGB (SHKx)

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF
DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**

<strong><u>CERTIFICATE OF COMPLIANCE</u></strong>

The undersigned, counsel of record for Defendants, hereby certifies that this brief contains 4,529 words, which complies with the word limit of L.R. 11-6.1.

DATED:  December 22, 2023          **MANNING & KASS**
                                   **ELLROD, RAMIREZ, TRESTER LLP**


                                   By:      /s/ Kayleigh Andersen
                                   _____
                                   Kayleigh Andersen
                                   Attorneys for Defendant, County of San
                                   Bernardino

MANNING | KASS

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY PENDING THE CALIFORNIA DEPARTMENT OF JUSTICE INVESTIGATION**