**EXHIBIT H**



STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
BRIAN T. MOSS *
MARGUERITE L. JONAK *
MICHAEL L. SMITH
LOUIS W. PAPPAS
EUGENE J. EGAN
CLIFFORD A. CLANCEY
R. ADAM ELLISON
JASON J. MOLNAR *
DAVID V. ROTH
JEANETTE L. DIXON
DAVID R. REEDER *
ANTHONY CANNIZZO
RICHARD G. GARCIA
SHARON S. JEFFREY
KATHLEEN A. HUNT *
STEVEN J. RENICK
D. HIEP TRUONG
JANET D. JOHN *
KENNETH S. KAWABATA
LALO GARCIA
KAREN LIAO
MATTHEW E. KEARL
GRETCHEN COLLIN
LYNN CARPENTER *
ROBERT E. MURPHY *
JASON J. DOSHI
EMILY EDWARDS
DAVID R.RUIZ

SEAN DOWSING
ANDREA KORNBLAU
CHRISTINE LA VORGNA
DANIEL B. HERBERT *
MARK A. HAGOPIAN
JOHN M. HOCHHAUSLER
CHRISTOPHER DATOMI
ROLAND TONG
STEVEN W. DELATEUR
ARI MARKOW
TRISHA NEWMAN
JONATHAN J. LABRUM *
WILLIAM KELSBERG
COURTNEY NAKATANI
MARISA ZARATE
CHRISTOPHER KANJO
NATALYA VASYUK
MARK WILSON
KELSEY NICOLAISEN
KIRSTEN BROWN
TIFFANY HENDERSON
LIZETTE ALVARADO
ELLEN BURACH-ZION
EVGENIA JANSEN
ANTOINETTE MARINO *
GLENN JOHNSTON
CHRISTINA TAPIA
S. CHRISTIAN ANDERSON
KRISTINE RIZZO
MICHELLE J. MARTIN
OLESYA MIKHAYLOVA
ROYA FOHRER
SOPHIE O. LAFRANCHI
KAYLEIGH ANDERSEN
LINNA LOANGKOTE
DAVID ALPERN

LISA IVERSEN
NICOLE JONES
LISA MARTINELLI
MAYA SORENSEN
NICHOLE SANTIAGO
TWIGGY ALVAREZ
NATALIE ORTIZ
YURY A. KOLESNIKOV
NATHALIE C. HACKETT
JERRIE WEISS
JAMIE BURKE
ROSLYNN WILFERT
ANDREW LEE
KIRK J. EDSON
JOANA COLOMA
RICHARD MOJICA
LOAN DAO
CHANDRA CARR
JAMES A. HARRIS
GABRIELLA PEDONE
JESSICA BECERRA
DANIEL KNIERIM
HANNAH ELLENHORN
LACEY SIPSEY
ANNA KARTOSHKINA
KRISTINA ROSS
AMANDA WILBUR
TANNER LONDON
PETYA HRABAR
ELLARIE HERNANDEZ
VICTORIA TREPANY
VASUDHA PUROHIT
ELIKA ZIAEI
ISHA GULATI
DANIEL VIZCARRONDO
RIANE BRIONES

JALESSA ALMONACY
BEAR ALLEN-BLAINE
ALISON DEYOUNG
BRITTANY MCKINLEY *
IAN JONES
ALEXANDER KONETZKI
PAUL ABELKOP
BAYAN SALEHI
ANITA CUMARASAMY
TESLEEM AZEEZ
LUCINA RIOS
KHOULOUD PEARSON

OF COUNSEL
JOHN D. MARINO*
MICHAEL A. WEISMANTEL
DONALD R. DAY *
CAROL ROHR
MICHAEL BRAVE
CHRISTOPHER BAUER
CHARLES MOLLIS
GEOFFREY PLOWDEN

*   Admitted in Multiple
    Jurisdictions

15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
Tel:  (213) 624-6900
Fax:  (213) 624-6999
ManningKass.com

July 17, 2024

**VIA E-MAIL**

Dale K. Galipo, Esq.
Renee V. Masongsong, Esq.
LAW OFFICE OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
dalekgalipo@yahoo.com
rvalentine@galipolaw.com

Sharon J. Brunner, Esq.
LAW OFFICE OF SHARON J. BRUNNER
14393 Park Ave., Suite 100
Victorville, CA 92392
sharonjbrunner@yahoo.com

James S. Terrell, Esq.
LAW OFFICE OF JAMES S. TERRELL
15411 Anacapa Road
Victorville, CA 92392
jim@talktoterrell.com

    Re:    **A.H., et al. v. County of San Bernardino**
             Case No. 5:23-cv-01028-JGB-(SHKx)

Dear Counsels:

    Pursuant to L.R. 7-3, we are writing to meet and confer with you prior to our office filing a motion for summary judgment or summary adjudication in this in this action on behalf of Defendants County of San Bernardino ("County") and Deputy Justin Lopez ("Deputy Lopez") (collectively "Defendants").  Please be advised that Defendants intend to move for summary judgment or adjudication on the following grounds:

**1.**     **Plaintiffs' First Claim for Unreasonable Detention and Arrest Fails Because the Deputy Lopez Had Probable Cause.**

    Plaintiffs' first claim for unreasonable detention and arrest brought thought 42 U.S.C. § 1983, is properly analyzed under the Fourth Amendment's probable cause standard.  *Lacey*

DALLAS
901 Main Street, Ste 6530
Dallas, TX 75202
(214) 953-7669

NEW YORK
100 Wall Street, Ste 700
New York, NY 10005
(212) 858-7769

ORANGE COUNTY
695 Town Center Dr., Ste 400
Costa Mesa, CA 92626
(949) 440-6690

PHOENIX
2700 N. Central Ave., Ste 870
Phoenix, AZ 85004
(602) 313-5469

SAN DIEGO
225 Broadway, Suite 1200
San Diego, CA 92101
(619) 515-0269

SAN FRANCISCO
One California St., Ste 900
San Francisco, CA 94111
(415) 217-6990

Re: **A.H., et al. v. County of San Bernardino**
Case No. 5:23-cv-01028-JGB-(SHKx)
July 17, 2024
Page 2



*v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested." *John v. City of El Monte,* 515 F.3d 936, 940 (9th Cir. 2008). To determine whether officers had probable cause for the arrest, the Court examines "the events leading up to the arrest, and then decide whether those historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003).

Thus, to succeed on a Fourth Amendment unreasonable detention claim, plaintiff must allege facts that establish that the officials detaining him lacked probable cause to do so. *Bias v. Moynihan*, 508 F.3d 1212, 1220 (9th Cir. 2007); *Palmer v. California Highway Patrol Officer Iosefa*, 2016 WL 7374591, at *5 (E.D. Cal. Dec. 19, 2016).

Here, the evidence shows that there **was probable cause** to arrest Shane Holland ("Holland") on June 21, 2022, because during the traffic stop, for a car that he was the passenger in, Holland fled from the car on foot and led Deputy Lopez on a foot pursuit through a dirt field. Further, Deputy Lopez repeatedly gave commands to Holland to show his hands and stop reaching towards his waistband, and Holland repeatedly shouted to Deputy Lopez that he would shoot him. Accordingly, there can be no unreasonable detention and arrest claim, and this claim should be dismissed.

**2.   Deputy Lopez' Use of Force was Objectively Reasonable Under the Totality of The Circumstances.**

Deputy Lopez is entitled to judgment on all of plaintiffs' force-based claims, including the second claim for excessive force, fourth claim for substantive due process violation, and the state law claims for battery, negligence and violation of the Bane Act. See *Hayes v. County of San Diego*, 57 Cal. 4th 622, 637-39 (2013) (adopting *Graham* reasonableness standard for seizure-related negligence claims against officers but clarifying that scope of liability may extend to pre-seizure conduct under certain circumstances); *Archibald v. Cty. of San Bernardino*, 2018 U.S. Dist. LEXIS 171243, at *22 (C.D. Cal. Oct. 2, 2018) (acknowledging that Plaintiffs' battery, negligence, and Bane Act claims are governed by the same inquiry that governs their excessive force claims); *Martinez v. County of Los Angeles*, 47 Cal. App. 4th 334, 349-50 (1996) (citing Cal. Penal Code § 196 and holding that where officers used reasonable force under the Fourth Amendment standards, there could be no liability under comparable state-law torts).

Under the uncontroverted evidence, Deputy Lopez used only objectively reasonable force during the incident. In *Graham v. Connor*, 490 U.S. 386, 388 (1989), the Supreme Court held that an excessive force claim is properly analyzed under the Fourth Amendment's objective reasonableness standard. The *Graham* Court set forth a non-exhaustive list of factors to be considered in evaluating whether the force used to effect a particular seizure is reasonable: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists detention or attempts to escape. *Id*. at 394-95. The test is an objective one, viewed from the vantage of a reasonable officer at the scene, and is highly deferential to the police officer's need to protect himself or others. *Id.* at 396-97.

Re: **A.H., et al. v. County of San Bernardino**
Case No. 5:23-cv-01028-JGB-(SHKx)
July 17, 2024
Page 3



In analyzing an incident under the *Graham* criteria, the "most important single element of the three specified factors: ***whether the suspect poses an immediate threat to the safety of the officers or others,***" is the starting point. *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005) (emphasis added). "[W]here a suspect threatens an officer with a weapon such as a gun or a knife, the officer is justified in using deadly force." *Id.* at 704; *Reynolds v. County of San Diego*, 84 F.3d 1162, 1168 (9th Cir. 1996).

Here, the undisputed facts, which are supported by audio evidence, show that during the traffic stop, Holland fled from the car on foot and led Deputy Lopez on a foot pursuit through a dirt field. Further, Deputy Lopez repeatedly gave commands to Holland to show his hands and stop reaching towards his waistband, and **Holland repeatedly shouted to Deputy Lopez that he would shoot him**. Deputy Lopez perceived Holland as a **deadly threat** to himself, and thus, the severity of the threat was quite high based solely on Holland's actions.

Accordingly, under the uncontroverted evidence, it was objectively reasonable for Deputy Lopez to believe that Holland's actions constituted an immediate, deadly threat and to respond with deadly force. *See Reynolds v. County of San Diego*, 858 F. Supp. 1064, 1072 (S.D. Cal. 1994) (citing cases that "support the general principle that an officer may reasonably use deadly force when he or she confronts an armed suspect in close proximity whose actions indicate an intent to attack"), remanded on other grounds, 84 F.3d 1162 (9th Cir. 1996). Further, there is no evidence that Deputy Lopez violated Holland's clearly established constitutional rights at the time of the incident, which entitles him to qualified immunity.

**3.     Plaintiffs' Third Claim for Denial of Medical Care Fails Because the Evidence Does Not Support Plaintiff's Claim.**

"Claims of denial of medical care during and immediately following an arrest are analyzed under the Fourth Amendment and its 'objective reasonableness' standard." *Estate of Adomako*, 2018 U.S. Dist. LEXIS 15018, 2018 WL 587146, at *5 (*citing Borges v. City of Eureka*, 2017 U.S. Dist. LEXIS 10721, 2017 WL 363212, at *6 (N.D. Cal. Jan. 25, 2017)); *see also Holcomb v. Ramar*, 2013 U.S. Dist. LEXIS 157833, 2013 WL 5947621, at *4 (E.D. Cal. Nov. 4, 2013) ("[C]laims regarding deficient medical care during and immediately following an arrest are governed by the Fourth Amendment."). "An officer fulfills this [Fourth Amendment] obligation by promptly summoning the necessary medical help or taking the injured detainee to a hospital." *Bordegaray v. Cty. of Santa Barbara*, 2016 U.S. Dist. LEXIS 172269, 2016 WL 7223254, at *8 (C.D. Cal. Dec. 12, 2016) (emphasis added); *see also B.P. v. Cty. of San Bernardino*, 2019 U.S. Dist. LEXIS 226921, 2019 WL 7865177, at *3 (C.D. Cal. Nov. 14, 2019) ("The Fourth Amendment requires the arresting officer to 'promptly summon[ ] the necessary medical assistance' — whether that is promptly bringing the arrestee to the hospital or promptly summoning some other type of care.") (*quoting Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006)) (emphasis removed).

Here, there is no evidence of denial of medical care by Deputy Lopez, rather the evidence shows that Deputy Lopez immediately put out "shots fired" over the radio and requested medical. Thus, there is no evidence that there was a delay in timely medical treatment to Holland, nor is there evidence that Deputy Lopez "consciously disregarded a substantial risk of serious harm" to Holland's health or safety.



**4.  Plaintiffs' Fifth and Sixth Claims for *Monell* Liability - Inadequate Training, and Unconstitutional Custom, Practice, and Policy against Defendant County of San Bernardino Fail Because the Evidence Does Not Support Plaintiffs' Claim.**

A local governing body may be liable under § 1983 only when "action pursuant to official municipal policy of some nature caused a constitutional tort." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipalities can be held liable only for their own illegal acts, not on the basis of *respondeat superior*. *Id.* "Rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bryan County v. Brown*, 520 U.S. 397, 405 (1997).

In order to adequately plead a *Monell* claim "the allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Plausible facts supporting [the alleged] policy or custom" are required. *See Id.* Further there must be some causal connection between the alleged policy or custom and the violation of plaintiff's constitutional rights. *See Ottovich v. Alameda Cty.*, No. C 98-1178 SI, 1999 U.S. Dist. LEXIS 4244, at *8 (N.D. Cal. Mar. 26, 1999) (emphasis added).

Here, Defendant County of San Bernardino is entitled to judgment on plaintiffs' fifth and sixth causes of action for Monell Liability – inadequate training and unconstitutional custom, practice, and policy under 42 U.S.C. § 1983 because Deputy Lopez used only objectively reasonable force under the totality of the circumstances. Additionally, there is no evidence that the County had an unlawful custom, practice or policy, failed to train its deputies.

**5.  Plaintiffs' Ninth Claim for Violation of the Bane Act Fails Because the Evidence Does Not Support Plaintiffs' Claim.**

In order to establish a violation of Civil Code § 52.1, a plaintiff must show that the employee interfered or attempted to interfere with plaintiff's legal rights by the use of threats, intimidation or coercion. *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998). Most importantly, to show defendants violated § 52.1, plaintiff must show coercion independent from the coercion inherent in the violation of the constitutional right. *Shoyoye v. Cnty. of L.A.*, 203 Cal.App.4th 947, 959-960 (2012). For example, in a claim alleging excessive force, plaintiff must show a § 52.1 coercion independent from the coercion already inherent in the use of force. *Gant v. Cnty. of L.A.*, 765 F.Supp.2d 1238, 1253 (C.D. Cal. 2011) (when use of force is intrinsic to the alleged constitutional violation, it cannot also satisfy the additional "coercion" element of § 52.1) (overruled on other grounds).

Moreover, plaintiff must prove the officer had a specific intent to violate his right to be free from unreasonable seizure. *See Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018) (emphasis added). Evidence simply showing the officer's conduct amounted to a constitutional violation under an objectively reasonable standard is insufficient. *Id.* at 1045. Rather, plaintiff must show the officers intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances. *Id.*

Re: **A.H., et al. v. County of San Bernardino**
Case No. 5:23-cv-01028-JGB-(SHKx)
July 17, 2024
Page 5



Here, there is no evidence to establish that Deputy Lopez interfered with Holland's legal rights by the use of threats, intimidation, or coercion. And, there is no evidence that Deputy Lopez had the specific intent to violate Holland's rights when he engaged in the conduct at issue. Accordingly, this claim should be dismissed.

**6.   The County Cannot be Liable For Any of Plaintiffs' State Law Claims.**

To the extent that plaintiffs' are attempting to hold the County liable under Government Code § 815.2(a), plaintiffs have not presented any evidence that Deputy Lopez or any County employee is liable to plaintiffs, thus the County cannot be held liable. *See Strong v. State*, 201 Cal. App. 4th 1439, 1448 (2011) (Pursuant to Government Code § 815.2, "[A] public entity's liability hinges on the liability of its employee"). Defendant County of San Bernardino is entitled to judgment for each of plaintiffs' state law claims, as Deputy Lopez is not liable and there is no basis for respondeat superior liability against the County. Cal. Gov. Code § 815.2(a).

Further, regarding Plaintiffs' claim for punitive damages against Deputy Lopez there is no evidence that Deputy Lopez' conduct during the incident was malicious, oppressive, or in reckless disregard of Holland's rights. Thus, plaintiffs' request for punitive damages fails.

Defendants reserve the right to supplement the foregoing legal arguments and authority in support.

For these reasons, Defendants intend to file a motion for summary judgment. Please contact our office to discuss the issues raised in this letter on or before July 24, 2024. We look forward to hearing from you to meet and confer on these issues.

Very truly yours,

**MANNING│KASS**

Eugene P. Ramirez, Esq.
Kayleigh Andersen, Esq.

EPR/KAA/jlb