Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor,
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF
SAN BERNARDINO and JUSTIN
LOPEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H. and H.H., in each case a minor, by and through their guardian ad litem Crystal Hanson, individually and as successor in interest to Shane Holland, deceased; C.H., a minor, by and through her guardian ad litem, Reymi Updike; individually and as successor in interest to Shane Holland, deceased, and PATRICIA HOLLAND, individually, | Case No. 5:23-CV-01028 JGB-SHK |
| | *[Honorable Jesus G. Bernal, Magistrate Judge, Shashi H. Kewalramani]* |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS** |
| v. | |
| COUNTY OF SAN BERNARDINO; JUSTIN LOPEZ, and DOES 1-10, Inclusive, | Date:    September 23, 2024 |
| | Time:    9:00 a.m. |
| | Crtrm.:  Courtroom 1 |
| Defendants. | |
| | *Action Filed:    06/02/2023* |

**TO THIS HONORABLE COURT AND THE PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

In accordance with C.D L.R. 56-3 and this Court's Standing Order, defendants County of San Bernardino ("County") and Deputy Justin Lopez ("Deputy Lopez") (collectively "Defendants") submit this Response to Plaintiffs' Statement of Genuine Disputes of Material Fact and Plaintiffs' Additional Material Facts [Doc. 37-1].

1

| DEFENDANTS' FACTS AND SUPPORTING EVIDENCE [DUF]: | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE: |
|---|---|
| 1. On June 21, 2022, at approximately 2 a.m., San Bernardino County Sheriff's Department Deputy Justin Lopez (Deputy Lopez") conducted a traffic stop on a silver Ford Explorer in the area of US Route 395 and Cactus Road, in Adelanto.<br><br>Lopez Depo. (Ex. "A") at 8:22-24, 18:1-5, 13-16; Hillebrand Depo. (Ex. "B") at 10:19-22, 13:2-5; Hanson Interview Audio (Ex. "C") at 9:40-10:00; Hanson Interview Transcript (Ex. "D") at 8:12-14; Rios Depo. (Ex. "G") at 12:2-14. | Undisputed. |
| 2. Deputy Lopez broadcasted the Explorer did not have license plates, but later stated that the vehicle had an obstructed rear license plate.<br><br>Lopez Depo. (Ex. "A") at 17:5-19, 20:5-15; Lopez Audio (Ex. "E") at 0:00-0:15; Lopez Audio Transcript (Ex. "F") at 2:1-9. | Undisputed. |
| 3. Deputy Lopez made contact with the driver, Robert Hanson ("Hanson"), and the passenger who identified himself as Andrew Atkins, later identified by investigators as Shane Holland ("Holland").<br><br>Lopez Depo. (Ex. "A") at 21:2-19, 23-24, 23:14-16, 68:19-22, 69:1-3; Lopez Audio (Ex. "E") at 1:15-1:58; Lopez Audio Transcript (Ex. "F") at | Undisputed. |

2

| | |
|---|---|
| 3:12-4:7; Hanson Interview Audio (Ex. "C") at 10:27-11:25; Hanson Interview Transcript (Ex. "D") at 8:18-24, 19:3. | |
| 4. Deputy Lopez asked Hanson if he had his license and registration, which Hanson stated he did not.<br><br>Lopez Depo. (Ex. "A") at 22:11-15; Lopez Audio (Ex. "E") at 0:15-0:50, 1:57-2:05; Lopez Audio Transcript (Ex. "F") at 2:10-23, 4:9-12; Hanson Interview Audio (Ex. "C") at 10:00-10:27; Hanson Interview Transcript (Ex. "D") at 8:12-17. | Undisputed. |
| 5. Deputy Lopez also asked if either Hanson or Holland was on probation or parole, Hanson stated no.<br><br>Lopez Audio (Ex. "E") at 0:15-0:50; Lopez Audio Transcript (Ex. "F") at 2:14-19. | Undisputed. |
| 6. Holland also told Deputy Lopez that he did not have an ID.<br><br>Lopez Depo. (Ex. "A") at 22:16-17; Lopez Audio (Ex. "E") at 1:05-1:18; Lopez Audio Transcript (Ex. "F") at 3:9-13. | Undisputed. |
| 7. Deputy Lopez advised the subjects he would return to his patrol vehicle to conduct a records check and did so over the radio through dispatch.<br><br>Lopez Depo. (Ex. "A") at 26:1-7, 27:14-22; Lopez Audio (Ex. "E") at 2:00-3:30; Lopez Audio Transcript | Undisputed. |

3

MANNING | KASS

| | |
|---|---|
| (Ex. "F") at 4:16-24; Hanson Interview Audio (Ex. "C") at 11:00-11:20; Hanson Interview Transcript (Ex. "D") at 9:1-2. | |
| 8.  When Deputy Lopez was at his patrol vehicle, Hanson asked Holland "what are you doing," regarding giving Deputy Lopez somebody else's name.<br><br>Hanson Interview Audio (Ex. "C") at 11:20-11:35; Hanson Interview Transcript (Ex. "D") at 9:4-5. | Objection: Hearsay; Irrelevant on the grounds that it was unknown to Lopez at the time of the shooting. |

8. Moving Party's Response:

Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion.  See Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion.

| | |
|---|---|
| 9.  Holland told Hanson that he had a warrant for his arrest and he was going to be incarcerated for a long time.<br><br>Hanson Interview Audio (Ex. "C") at 11:25-12:50; Hanson Interview Transcript (Ex. "D") at 9:6-7, 10, 16-17, 24-25. | Objection: Hearsay; Irrelevant on the grounds that it was unknown to Lopez at the time of the shooting.<br><br>At the time of the shooting, Lopez had no information that Holland had a criminal record and no information that he had ever committed an act of violence against another person.<br><br>"Ex. 1" (Lopez Depo.) at 49:8-13; "Ex. 4" (Sanchez Depo.) at 21:13-20. |

4

MK MANNING | KASS

| 9. Moving Party's Response: | |
|---|---|
| Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion. | |
| 10. Holland asked Hanson to "take off" from the traffic stop to distract Deputy Lopez and allow Holland to flee.<br><br>Hanson Interview Audio (Ex. "C") at 11:46-12:50; Hanson Interview Transcript (Ex. "D") at 9:11-12. | Objections: Hearsay; Irrelevant on the grounds that it was unknown to Lopez at the time of the shooting. |
| 10. Moving Party's Response: | |
| Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion. | |
| 11. Hanson refused to assist Holland and said he was not going to get into trouble for Holland.<br><br>Hanson Interview Audio (Ex. "C") at 11:46-12:50; Hanson Interview Transcript (Ex. "D") at 9:13-15, 18-23, 10:1-3. | Objections: Hearsay; Irrelevant on the grounds that it was unknown to Lopez at the time of the shooting. |

5

**MANNING | KASS**

| | |
|---|---|
| 11. Moving Party's Response:<br><br>Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. <u>See</u> Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion. | |
| 12. Holland chose to run from the passenger side of the vehicle into the desert.<br><br>Hanson Interview Audio (Ex. "C") at 12:50-13:22; Hanson Interview Transcript (Ex. "D") at 10:4-14. | Objections: Hearsay; Calls for speculation as to Holland's state of mind; Irrelevant on the grounds that this was unknown to Lopez at the time of the shooting. |
| 12. Moving Party's Response:<br><br>Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. <u>See</u> Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion. | |
| 13. Deputy Lopez saw Holland get out of the vehicle and told him to get back in the vehicle, but Holland started fleeing from the traffic stop.<br><br>Lopez Depo. (Ex. "A") at 27:5-10, 28:1-3, 31:2-5, 50:20-23, 25, 51:1; Lopez Audio (Ex. "E") at 3:30-3:35; | Undisputed. |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MK MANNING | KASS

| | |
|---|---|
| Lopez Audio Transcript (Ex. "F") at 4:25. | |
| 14. Deputy Lopez notified dispatch of the foot pursuit on the radio.<br><br>Lopez Depo. (Ex. "A") at 66:15-17; Lopez Audio (Ex. "E") at 3:30-3:40; Lopez Audio Transcript (Ex. "F") at 5:1; Hillebrand Depo. (Ex. "B") at 13:6-10; Rios Depo. (Ex. "G") at 13:14-23, 15:7-14. | Disputed to the extent that Lopez only stated, "I've got one running." Lopez Audio Transcript (Ex. "F") at 5:1. |

14. Moving Party's Response:

Plaintiffs' dispute is not to the fact presented, Plaintiffs' dispute is to the word choice, thus there is not dispute of fact. Further, Plaintiffs' dispute to this fact is not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. Further, based upon all testimony of the deputies in this case, the statement over the radio is identical in meaning as understood by all involved deputies to the language in the DUF 14. This is in line with the deputies' testimony. Accordingly, this fact is undisputed for the purpose of this Motion.

| | |
|---|---|
| 15. Deputy Lopez began running after Holland, and told Holland to get on the ground.<br><br>Lopez Depo. (Ex. "A") at 31:9-10; Lopez Audio (Ex. "E") at 3:30-3:45; Lopez Audio Transcript (Ex. "F") at 5:3. | Undisputed. |
| 16. Deputy Lopez believed that Holland had something in his waistband, so he commanded Holland multiple times to "Let me see your hands."<br><br>Lopez Depo. (Ex. "A") at 28:10-21, 42:6-13; Lopez Audio (Ex. "E") at 3:30-4:50; Lopez Audio Transcript (Ex. "F") at 5:3-14. | Objection: Compound. |

7

| 16. Moving Party's Response: | |
|---|---|
| Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion. | |
| 17.In response, Holland said "I will shoot you" multiple times.<br><br>Lopez Depo. (Ex. "A") at 31:22-32:1, 33:22-34:1; Lopez Audio (Ex. "E") at 3:30-4:50; ; Lopez Audio Transcript (Ex. "F") at 5:15-16. | Objections: Calls for speculation that Holland said this in response to the command to show his hands. Otherwise, undisputed. |
| 17. Moving Party's Response: | |
| Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion. | |
| 18.Deputy Lopez told Holland to show him his hands a total of 19 times within a period of one minute and nineteen seconds.<br><br>Lopez Depo. (Ex. "A") at 42:6-13; Lopez Audio (Ex. "E") at3:30-4:50; ; Lopez Audio Transcript (Ex. "F") at 5:4-6:11. | Undisputed. |

8

| | |
|---|---|
| 19. Holland told Deputy Lopez that he was going to shoot him a total of 10 times during that same period.<br><br>Lopez Depo. (Ex. "A") at 16:19-21, 34:2-5, 40:23-41:1; Lopez Audio (Ex. "E") at 3:30-4:50; ; Lopez Audio Transcript (Ex. "F") at 5:4-6:11. | Disputed to the extent that some of Holland's statements were "I will shoot" as opposed to "I will shoot you." Lopez Audio Transcript (Ex. "F") at 5:4-6:11. |

19. Moving Party's Response:

Plaintiffs' dispute is not to the fact presented, Plaintiffs' dispute is to the word choice, thus there is not dispute of fact. In line with all evidence presented in this motion, the change of wording has no bearing on the effect of the threat in the evaluation of the use of force. Thus, this fact is undisputed for the purpose of this Motion.

| | |
|---|---|
| 20. Immediately after Holland stated, "I will shoot you" the tenth time, Deputy Lopez fired his weapon six times in quick succession at Holland.<br><br>Lopez Depo. (Ex. "A") at 12:25-13:1; Lopez Audio (Ex. "E") at 4:50-4:57; Lopez Audio Transcript (Ex. "F") at 6:11-13. | Objections: Vague and ambiguous as to time and trajectory. Otherwise, undisputed. |

20. Moving Party's Response:

Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56-3." Accordingly, this fact is undisputed for the purpose of this Motion.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| | |
|---|---|
| 21. After the shooting, Deputy Lopez immediately put out "shots fired" over the radio and requested medical.<br><br>Lopez Audio (Ex. "E") at 4:50-5:55; Lopez Audio Transcript (Ex. "F") at 5:4-6:22; Hillebrand Depo. (Ex. "B") at 15:15-21; Rios Depo. (Ex. "G") at 15:18-21, 25:15-18. | Objection: Irrelevant because Plaintiffs have dismissed their claim for denial of medical care.<br><br>Otherwise, undisputed. |

21. Moving Party's Response:

Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion.

| | |
|---|---|
| 22. Deputy Kristopher Hillebrand ("Deputy Hillebrand") and Sergeant Mark Rios ("Sergeant Rios") heard the broadcast of the foot pursuit, and "shots fired" and arrived within approximately one minute of the shots fired broadcast.<br><br>Hillebrand Depo. (Ex. "B") at 15:11-14, 22-25; Rios Depo. (Ex. "G") at 15:15-24, 17:23-18:1. | Disputed to the extent that the radio broadcast indicated that a suspect was running, not that Lopez was engaged in a foot pursuit. "Ex. 3" (Rios Depo.) at 14:9-11.<br><br>Disputed to the extent that Hillebrand testified that he arrived approximately 60 seconds after he heard the "one running" broadcast. "Ex. 2" (Hillebrand Depo.) at 15:11-14, 31:3-6 |

22. Moving Party's Response:

As an initial matter, Plaintiffs' dispute is not to the fact presented, Plaintiffs' dispute is to the word choice, thus there is not dispute of fact.  Further, Plaintiffs' dispute to this fact is not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.  Accordingly, this fact is undisputed for the purpose of this Motion.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

MK

| | |
|---|---|
| 23. When Deputy Hillebrand arrived he asked Deputy Lopez where is the gun, and Deputy Lopez replied "I don't know. He said he was going to shoot me."<br><br>Lopez Depo. (Ex. "A") at 15:25-16:11, 15-21, 25, 17:1-2, 63:4-17; Lopez Audio (Ex. "E") at 6:10-6:20; Lopez Audio Transcript (Ex. "F") at 6:25-7:4; Hillebrand Depo. (Ex. "B") at 23:8-18, 24:13-19, 25:1-8. | Disputed to the extent that Hillebrand's question included, "Do we have a gun?" or "Did he have a gun?" Lopez Audio Transcript (Ex. "F") at 6:25-7:4; Lopez Audio (Ex. "E") at 6:10-6:20. |
| 23. Moving Party's Response:<br><br>As an initial matter, Plaintiffs' dispute is not to the fact presented, Plaintiffs' dispute is to the word choice, thus there is not dispute of fact. Further, Plaintiffs' dispute to this fact is not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. Accordingly, this fact is undisputed for the purpose of this Motion. | |
| 24. Deputy Lopez handcuffed Holland and then proceeded to pat down Holland to search him for weapons and check for injuries.<br><br>Lopez Depo. (Ex. "A") at 60:3-11, 61:1-11; Hillebrand Depo. (Ex. "B") at 25:20-25, 27:23-28:5. | Undisputed. |
| 25. After Holland was handcuffed and searched, Deputy Hillebrand called over the radio to notify medical it was clear for them to proceed into the scene.<br><br>Hillebrand Depo. (Ex. "B") at 26:1-4. | Objections: Irrelevant because Plaintiffs' denial of medical care claim has been dismissed. Otherwise, undisputed. |

11

| 25. Moving Party's Response:

Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion. |

| 26. When Sergeant Rios arrived, Deputy Lopez asked him to retrieve a medical aid trauma kit from his marked patrol vehicle and Sergeant Rios immediately began to administer medical aid to Holland and requested additional medical assistance.

Lopez Depo. (Ex. "A") at 60:10-11; Lopez Audio (Ex. "E") at 6:25-7:05; Lopez Audio Transcript (Ex. "F") at 7:6-13; Hillebrand Depo. (Ex. "B") at 29:6-13; Rios Depo. (Ex. "G") at 21:13-19, 23:23-24:3, 25:3-10. | Undisputed. Irrelevant because Plaintiffs' denial of medical care claim has been dismissed. |

| 26. Moving Party's Response:

Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion. |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| 27. American Medical Response paramedics arrived within approximately five minutes and pronounced Holland deceased.<br><br>Hillebrand Depo. (Ex. "B") at 26:14-21, 28:17-29:5; Rios Depo. (Ex. "G") at 25:11-14, 19-22. | Undisputed. Irrelevant because Plaintiffs' denial of medical care claim has been dismissed. |
|---|---|
| 27. Moving Party's Response:<br><br>Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order which provides: "The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. . . . If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56-3."  Accordingly, this fact is undisputed for the purpose of this Motion. | |
| 28. Deputy Lopez did not identify a gun in Holland's hand prior to the shooting and no gun was collected from Holland after the incident.<br><br>Lopez Depo. (Ex. "A") at 14:9-20, 53:24-54:4; Rios Depo. (Ex. "G") at 20:15-24, 21:1. | Undisputed. |
| 29. However, based on Holland's statement "I will shoot you," and a black object that was in Holland's right hand at waist level, Deputy Lopez reasonably believed that Holland was in possession of a gun.<br><br>Lopez Depo. (Ex. "A") at 16:15-21, 39:9-15, 41:22-42:2, 44:10-45:2, 48:15-18, 51:6-11, 16-18, 52:12-20, | Objection: Compound.<br><br>Disputed that Lopez believed Holland had a gun in his hand.<br><br>Also disputed that Deputy Lopez's belief that Holland had a gun was reasonable.<br><br>Assuming Holland had the cell phone |

13

MANNING | KASS

| | |
|---|---|
| 55:3-11, 57:14-22. | in his hand, a reasonable officer would have been able to distinguish a cell phone from a firearm. A cell phone does not have the identifying features of a firearm such as a barrel, trigger, trigger guard, grip, or magazine. Clark Decl. at ¶ 14. |
| | Lopez never specifically identified a gun in Holland's hand or on his person at any time before or during the shooting. "Ex. 1" (Lopez Depo.) at 14:9- 19, 15:6-15. |
| | Holland never told Lopez that he had a gun. "Ex. 1" (Lopez Depo.) at 16:15-17, 16:22-24, 48:12-17. |
| | Lopez never communicated over his police radio that he thought Holland had a gun. "Ex. 1" (Lopez Depo.) at 68:6-11; "Ex. 2" (Hillebrand Depo.) at 16:22-25; "Ex. 4" (Sanchez Depo.) at 34:10-13, 54:3-6. |
| | Lopez never saw Holland in a shooting stance. "Ex. 1" (Lopez Depo.) at 59:3-5. |
| | Holland never extended his right arm towards Lopez. "Ex. 1" (Lopez Depo.) at 58:10-13. |
| | During the first nine times that Holland stated "I will shoot you," Lopez did not see an object in Holland's hand, and it did not appear to Lopez that Holland |

14

was turning toward Lopez to shoot him. "Ex. 1" (Lopez Depo.) at 41:5-42:2, 42:17-23.

Lopez never told Holland to "drop it." "Ex. 1" (Lopez Depo.) at 45:3-4.

Lopez alleges that he saw the object in Holland's hand for approximately a fraction of a second before he fired his shots. "Ex. 1" (Lopez Depo.) at 46:1-3.

Lopez did not see where the object was during the time that he was firing his shots. "Ex. 1" (Lopez Depo.) at 45:23-25.

When Lopez was on scene after the shooting, Lopez did not state that he saw a gun or that Holland had a gun. "Ex. 1" (Lopez Depo.) at 63:4-15; "Ex. 2" (Hillebrand Depo.) at 23:24-24:1, 25:9-11; "Ex. 3" (Rios Depo.) at 21:24-22:1, 23:17-22; "Ex. 4" (Sanchez Depo.) at 55:16-20.

An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed. Clark Decl. at ¶; California Penal Code Section 835a(e)(2)).

Under the facts of this case, Holland's statement, "I will shoot" or "I will

MANNING | KASS

| | shoot you" does not alone justify Lopez's use of deadly force. "Ex. 4" (Sanchez Depo.) at 33:21-34:1.<br><br>After the shooting, Deputy Hillebrand asked Lopez, "Do we have a gun?" or "Did he have a gun?" and Lopez responded that he did not know. Def. Ex. "B" (Lopez Audio) at 6:10-6:20; "Ex. 1" (Lopez Depo.) at 63:4-15; "Ex. 2" (Hillebrand Depo.) at 23:24-24:1, 25:9-11; "Ex. 3" (Rios Depo.) at 21:24-22:1, 23:17-22; "Ex. 4" (Sanchez Depo.) at 55:16-20; "Ex. 5" (Lopez Belt Recording Transcript) at 6:25-7:2.<br><br>When Lopez was on scene after the shooting, Lopez did not tell responding officers to look for a gun. "Ex. 2" (Hillebrand Depo.) at 24:1-8; "Ex. 3" (Rios Depo.) at 22:2-12. |

29. Moving Party's Response:

As an initial matter, Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order.  Further, the evidence cited by Plaintiffs does not dispute this fact, rather Plaintiffs present additional unrelated and unsupported facts to manufacture a dispute of fact.  Importantly, Rodger Clark's declaration [Doc. 37-2] is inadmissible.  *See* Defendants' Evidentiary Objections.  Plaintiffs' dispute is not to the fact presented, and the evidence submitted does not create a dispute of fact.  All quotes and citations in plaintiffs' response to the DUF has no bearing on the analysis of what Deputy Lopez believed at the time of the shooting, and is in direct contradiction to Deputy Lopez' cited testimony in support of the DUF.  Thus, this fact is undisputed for the purpose of this Motion.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| | |
|---|---|
| 30. Additionally, Deputy Lopez engaged in a foot pursuit because he reasonably believed that Holland was an immediate danger to him as there was no cover because they were in the middle of the dessert and to the public because Holland was running towards a residential neighborhood.<br><br>Lopez Depo. (Ex. "A") at 38:21-39:2, 51:6-11, 16-25, 52:1-20, 67:13-25, 68:1-5. | Objections: Compound; Irrelevant as it misstates the legal standard as "immediate danger" as opposed to "immediate threat of death or serious bodily injury."<br><br>Disputed that Deputy Lopez's belief that Holland was an immediate danger was reasonable.<br><br>According to Plaintiffs' expert, Roger Clark, a reasonably well trained officer in Deputy Lopez's position would not have continued to pursue Mr. Holland on foot as a solo officer if he reasonably believed that Mr. Holland was armed. A reasonable officer in Deputy Lopez's position would have ceased the foot pursuit after the first time that Holland stated, "I will shoot" or words to that effect, and would have set up a perimeter. There are no objective facts to support Deputy Lopez's alleged belief that Mr. Holland would have posed an immediate threat of death or serious bodily injury to the community if Deputy Lopez let Mr. Holland continue to run and set up a perimeter to contain and search for Mr. Holland. Clark Decl. at ¶ 13.<br><br>During the foot pursuit, Holland was generally running away from Lopez, and it was Lopez's impression that Holland was trying to get away from him. "Ex. 1" (Lopez Depo.) at 50:20-51:5; "Ex. 4" (Sanchez Depo.) at 33:5- |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

9.

Holland was not running directly toward any neighborhood, and he made no threats to harm any civilian. Clark Decl. at ¶ 13.

When Holland said, " I will shoot you," he was running away from Lopez. "Ex. 1" (Lopez Depo.) at 33:22-24.

When Lopez fired his shots, Holland was still moving away from Lopez. "Ex. 1" (Lopez Depo.) at 46:4-12.

Lopez never saw Holland in a shooting stance. "Ex. 1" (Lopez Depo.) at 59:3-5.
Holland never extended his right arm towards Lopez. "Ex. 1" (Lopez Depo.) at 58:10-13.

Holland was never directly facing Lopez immediately before or during the shots. "Ex. 1" (Lopez Depo.) at 58:12-24.

Lopez never specifically identified a gun in Holland's hand or on his person at any time before or during the shooting. "Ex. 1" (Lopez Depo.) at 14:9- 19, 15:6-15.

Assuming Holland had the cell phone in his hand, a reasonable officer would have been able to distinguish a cell phone from a firearm. A cell phone

---

18

does not have the identifying features of a firearm such as a barrel, trigger, trigger guard, grip, or magazine. Clark Decl. at li 14.

Holland never told Lopez that he had a gun. "Ex. 1" (Lopez Depo.) at 16:15-17, 16:22-24, 48:12-17.

Lopez never communicated over his police radio that he thought Holland had a gun. "Ex. 1" (Lopez Depo.) at 68:6-11; "Ex. 2" (Hillebrand Depo.) at 16:22-25; "Ex. 4" (Sanchez Depo.) at 34:10-13, 54:3-6.

After the shooting, Deputy Hillebrand asked Lopez, "Do we have a gun?" or "Did he have a gun?" and Lopez responded that he did not know. Def. Ex. "E" (Lopez Audio) at 6:10-6:20; "Ex. 1" (Lopez Depo.) at 63:4-15; "Ex. 2" (Hillebrand Depo.) at 23:24-24:1, 25:9-11; "Ex. 3" (Rios Depo.) at 21:24-22:1, 23:17-22; "Ex. 4" (Sanchez Depo.) at 55:16-20; "Ex. 5" (Lopez Belt Recording) at 6:25-7:2.

30. Moving Party's Response:

As an initial matter, Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order.  Further, the evidence cited by Plaintiffs does not dispute this fact, rather Plaintiffs present additional unrelated and unsupported facts to manufacture a dispute of fact.  Importantly, Rodger Clark's declaration [Doc. 37-2] is inadmissible.  *See* Defendants' Evidentiary Objections.  Plaintiffs' dispute is not to the fact presented, and the evidence submitted does not create a dispute of fact.  All quotes and citations in plaintiffs' response to the DUF has no bearing on

19

MANNING | KASS

MANNING | KASS

**MK**

| | |
|---|---|
| the analysis of what Deputy Lopez believed at the time of the shooting, and is in direct contradiction to Deputy Lopez' cited testimony in support of the DUF. Thus, this fact is undisputed for the purpose of this Motion. | |
| 31. Lastly, Deputy Lopez did not draw his weapon until after Holland yelled "I will shoot you" and reasonably believed that Holland had a gun based upon the way Holland was holding his waistband.<br><br>Lopez Depo. (Ex. "A") at 28:16-21, 37:20-28:2, 7-9, 39:9-15, 42:9-13, 48:15-18. | Disputed that Lopez believed Holland had a gun, and assuming he did, disputed that Deputy Lopez's belief that Holland had a gun was reasonable.<br><br>Assuming Holland had the cell phone in his hand, a reasonable officer would have been able to distinguish a cell phone from a firearm. A cell phone does not have the identifying features of a firearm such as a barrel, trigger, trigger guard, grip, or magazine. Clark Decl. at ¶ 14.<br><br>During the first nine times that Holland stated "I will shoot you," or words to that effect, Lopez did not see an object in Holland's hand, and it did not appear to Lopez that Holland was turning toward Lopez to shoot him. "Ex. 1" (Lopez Depo.) at 41:5- 42:2, 42:17-23.<br><br>Lopez never specifically identified a gun in Holland's hand or on his person at any time before or during the shooting. "Ex. 1" (Lopez Depo.) at 14:9- 19, 15:6-15.<br><br>Holland never told Lopez that he had a gun. "Ex. 1" (Lopez Depo.) at 16:15-17, 16:22-24, 48:12-17.<br><br>Lopez never communicated over his |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

police radio that he thought Holland had a gun. "Ex. 1" (Lopez Depo.) at 68:6-11; "Ex. 2" (Hillebrand Depo.) at 16:22-25; "Ex. 4" (Sanchez Depo.) at 34:10-13, 54:3-6.

Lopez never told Holland to "drop it." "Ex. 1" (Lopez Depo.) at 45:3-4.

When Holland said, " I will shoot you," he was running away from Lopez. "Ex. 1" (Lopez Depo.) at 33:22-24.

When Lopez fired his shots, Holland was still moving away from Lopez. "Ex. 1" (Lopez Depo.) at 46:4-12.

Lopez never saw Holland in a shooting stance. "Ex. 1" (Lopez Depo.) at 59:3-5.

Holland never extended his right arm towards Lopez. "Ex. 1" (Lopez Depo.) at 58:10-13.

Lopez did not see where the object was during the time that he was firing his shots. "Ex. 1" (Lopez Depo.) at 45:23-25.

After the shooting, Deputy Hillebrand asked Lopez, "Do we have a gun?" and Lopez responded that he did not know. "Ex. 1" (Lopez Depo.) at 63:4-15; "Ex. 2" (Hillebrand Depo.) at 23:24-24:1, 25:9-11; "Ex. 3" (Rios Depo.) at 21:24-22:1, 23:17-22; "Ex. 4" (Sanchez

DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS

MANNING | KASS

| | Depo.) at 55:16-20; "Ex. 5" (Lopez Belt Recording) at 6:25-7:2. |
|---|---|

31. Moving Party's Response:

As an initial matter, Plaintiffs' dispute is not to the fact presented, but is an evidentiary objection which is improper under C.D L.R. 56-3 and this Court's Standing Order.  Further, the evidence cited by Plaintiffs does not dispute this fact, rather Plaintiffs present additional unrelated and unsupported facts to manufacture a dispute of fact.  Importantly, Rodger Clark's declaration [Doc. 37-2] is inadmissible.  *See* Defendants' Evidentiary Objections.  Plaintiffs' dispute is not to the fact presented, and the evidence submitted does not create a dispute of fact.  All quotes and citations in plaintiffs' response to the DUF has no bearing on the analysis of what Deputy Lopez believed at the time of the shooting, and is in direct contradiction to Deputy Lopez' cited testimony in support of the DUF.  Thus, this fact is undisputed for the purpose of this Motion.

| PLAINTIFFS' ADDITIONAL MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Background Information** ||
| 32. Lopez was not responding to a serious or violent crime.<br><br>"Ex. 1" (Lopez Depo.) at 17:5-19, 19:12-15, 20:5-11, 20:16-23; "Ex. 4" (Sanchez Depo.) at 19:6-15, 19:25-20:5. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 33. At the time of the shooting, Lopez had no information that Holland had a criminal record and no information that he had ever committed an act of violence against another person.<br><br>"Ex. 1" (Lopez Depo.) at 49:8-13; "Ex. 4" (Sanchez Depo.) at 21:13-20. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| | |
|---|---|
| 34. Lopez had no information that there were any weapons in the car, and he did not see any weapons in the car when he was at the passenger side of the car.<br><br>"Ex. 1" (Lopez Depo.) at 24:22-24; "Ex. 4" (Sanchez Depo.) at 21:6-12, 24:13-16. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 35. When Lopez was at the passenger side of the car, neither occupant of the car threatened to harm Lopez.<br><br>"Ex. 1" (Lopez Depo.) at 26:8-14. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 36. The driver, Robert Hanson, observed a black cell phone in Holland's hand when Holland ran from the vehicle.<br><br>"Ex. 4" (Sanchez Depo.) at 43:16-20. | Disputed that Robert Hanson, observed a black cell phone in Holland's hand as the evidence does not support this.<br><br>However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action |
| 37. Holland was unarmed during this incident.<br><br>"Ex. 1" (Lopez Depo.) at 53:11-54:9; "Ex. 2" (Hillebrand Depo.) at 30:4-16; "Ex. 3" (Rios Depo.) at 20:15-20. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 38. Defendants' police practices expert agrees that there would have been no justification to use deadly force against Holland prior to Holland exiting the car.<br><br>"Ex. 4" (Sanchez Depo.) at 25:7-13. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |

DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS

| The Shooting | |
|---|---|
| 39. Lopez pursued Holland on foot as a solo officer.<br><br>"Ex. 1" (Lopez Depo.) at 31:9-10. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 40. During the foot pursuit, Holland was generally running away from Lopez, and it was Lopez's impression that Holland was trying to get away from him.<br><br>"Ex. 1" (Lopez Depo.) at 50:20-51:5; "Ex. 4" (Sanchez Depo.) at 33:5-9. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 41. When Lopez pursued Holland with his gun in his hand, Holland looked back at Lopez.<br><br>"Ex. 1" (Lopez Depo.) at 40:8-10. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 42. When Holland said, " I will shoot you" various times, he was running away from Lopez.<br><br>"Ex. 1" (Lopez Depo.) at 33:22-24. | Undisputed. |
| 43. When Holland was running from Lopez, his back was generally toward Lopez.<br><br>"Ex. 1" (Lopez Depo.) at 37:1-10. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 44. During the foot pursuit, the distance between Lopez and Holland was approximately ten yards.<br><br>"Ex. 1" (Lopez Depo.) at 37:8-10. | Undisputed. |
| 45. Lopez was illuminating Holland with his flashlight as he ran after him.<br><br>"Ex. 1" (Lopez Depo.) at 38:12-14. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |

24

MANNING | KASS

MANNING | KASS

| | |
|---|---|
| 46. During the first nine times that Holland stated "I will shoot" or "I will shoot you," Lopez did not see an object in Holland's hand, and it did not appear to Lopez that Holland was turning toward Lopez to shoot him.<br><br>"Ex. 1" (Lopez Depo.) at 41:5-42:2, 42:17-23. | Undisputed. |
| 47. After Holland said, "I will shoot" or "I will shoot you" the first time, Lopez did not seek cover and did not tactically distance himself.<br><br>"Ex. 1" (Lopez Depo.) at 51:23-25, 67:8-22. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 48. When Holland said, "I will shoot you" for the last time, he was still running away from Lopez, and Lopez was still generally looking at Holland's back.<br><br>"Ex. 1" (Lopez Depo.) at 43:5-21; "Ex. 4" (Sanchez Depo.) at 38:2-5. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 49. Lopez fired six shots at Holland.<br><br>"Ex. 1" (Lopez Depo.) at 12:22-13:1. | Undisputed. . |
| 50. When Lopez fired his shots, the distance between Lopez and Holland was approximately 25 feet.<br><br>"Ex. 1" (Lopez Depo.) at 14:6-8. | Undisputed. |
| 51. When Lopez fired his shots, Holland was still moving away from Lopez.<br><br>"Ex. 1" (Lopez Depo.) at 46:4-12. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |

25

**MK** MANNING│KASS

| | |
|---|---|
| 52. Holland never extended his right arm towards Lopez.<br><br>"Ex. 1" (Lopez Depo.) at 58:10-13. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 53. Holland was never directly facing Lopez immediately before or during the shots.<br><br>"Ex. 1" (Lopez Depo.) at 58:12-24. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 54. Lopez never saw Holland in a shooting stance.<br><br>"Ex. 1" (Lopez Depo.) at 59:3-5. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 55. Lopez never specifically identified a gun in Holland's hand or on his person at any time before or during the shooting.<br><br>"Ex. 1" (Lopez Depo.) at 14:9-19, 15:6-15. | Undisputed. |
| 56. Holland never told Lopez that he had a gun.<br><br>"Ex. 1" (Lopez Depo.) at 16:15-17, 16:22-24, 48:12-17. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 57. Lopez never communicated over his police radio that he thought Holland had a gun.<br><br>"Ex. 1" (Lopez Depo.) at 68:6-11; "Ex. 2" (Hillebrand Depo.) at 16:22-25; "Ex. 4" (Sanchez Depo.) at 34:10-13, 54:3-6. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 58. Lopez never told Holland to "drop it."<br>"Ex. 1" (Lopez Depo.) at 45:3-4. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |

26

| | |
|---|---|
| 59. Lopez never gave Holland a verbal warning that he was going to shoot him.<br><br>"Ex. 1" (Lopez Depo.) at 42:14-16. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 60. Lopez alleges he saw the object in Holland's hand for approximately a fraction of a second before he fired his shots.<br><br>"Ex. 1" (Lopez Depo.) at 46:1-3. | Undisputed. |
| 61. Lopez did not see where the object was during the time that he was firing his shots.<br><br>"Ex. 1" (Lopez Depo.) at 45:23-25. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 62. At the time of the shooting, Lopez anticipated that backup officers were on the way.<br><br>"Ex. 1" (Lopez Depo.) at 66:20-67:3; "Ex. 2" (Hillebrand Depo.) at 13:17-22, 14:10-13. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 63. One shot struck Holland in the upper left buttock and one shot struck him on the back of his left thigh.<br><br>"Ex. 4" (Sanchez Depo.) at 51:19-52:13; Clark Decl. at ¶ 15. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| **After the Shooting** ||
| 64. Deputy Hillebrand arrived within approximately 60 seconds after hearing Lopez's broadcast that he had "one running."<br><br>"Ex. 1" (Lopez Depo.) at 66:25-67:3; "Ex. 2" (Hillebrand Depo.) at 15:11- | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |

27

| | |
|---|---|
| 14. | |
| 65. Sgt. Rios arrived on scene approximately 30 seconds after Deputy Hillebrand arrived on scene.<br><br>"Ex. 2" (Hillebrand Depo.) at 31:3-6. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 66. After the shooting, Deputy Hillebrand asked Lopez, "Do we have a gun?" and Lopez responded that he did not know.<br><br>"Ex. 1" (Lopez Depo.) at 15:25-16:11, 16:22-17:2, 47:20-25; "Ex. 2" (Hillebrand Depo.) at 23:5-12, 25:1-4; "Ex. 4" (Sanchez Depo.) at 55:5-15. | Undisputed. However, it is therefore misleading. See DUF 23, which is supported by the testimony of Deputy Lopez and Deputy Hillebrand. |
| 67. When Lopez was on scene after the shooting, Lopez did not state that he saw a gun or that Holland had a gun.<br><br>"Ex. 1" (Lopez Depo.) at 63:4-15; "Ex. 2" (Hillebrand Depo.) at 23:24-24:1, 25:9-11; "Ex. 3" (Rios Depo.) at 21:24-22:1, 23:17-22; "Ex. 4" (Sanchez Depo.) at 55:16-20; "Ex. 5" (Lopez Belt Recording) at pages 6-9.. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 68. When Lopez was on scene after the shooting, Lopez did not tell responding officers to look for a gun.<br><br>"Ex. 2" (Hillebrand Depo.) at 24:1-8; "Ex. 3" (Rios Depo.) at 22:2-12; "Ex. 5" (Lopez Belt Recording) at pages 6-9. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 69. When Lopez was on scene after the shooting, Lopez did not tell responding officers that Holland | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |

28

| | |
|---|---|
| had turned toward him.<br><br>"Ex. 2" (Hillebrand Depo.) at 25:16-19; "Ex. 3" (Rios Depo.) at 23:9-22; "Ex. 5" (Lopez Belt Recording) at pages 6-9. | |
| 70. After the shooting, no gun was found on the ground or around Holland's body.<br><br>"Ex. 1" (Lopez Depo.) at 53:11-54:9; "Ex. 2" (Hillebrand Depo.) at 30:4-16. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 71. After the shooting, Lopez agreed that the cell phone did not look like a gun.<br><br>"Ex. 1" (Lopez Depo.) at 62:9-21; "Ex. 4" (Sanchez Depo.) at 56:16-19. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 72. Lopez did not give a recorded interview to law enforcement after the shooting.<br><br>"Ex. 1" (Lopez Depo.) at 7:3-5, 8:6-17, 66:4-5. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 73. The first documented time Lopez stated that Holland turned toward him was at his deposition.<br><br>"Ex. 1" (Lopez Depo.) at 7:3-5, 8:6-17, 66:4-5; "Ex. 2" (Hillebrand Depo.) at 25:16-19; "Ex. 3" (Rios Depo.) at 23:9-22; "Ex. 4" (Sanchez Depo.) at 42:18¬43:12. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| **Police Training and Standards on the Use of Deadly Force** | |
| 74. Police officers, including Lopez, are trained that deadly force should only be used when there is an imminent or | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| | |
|---|---|
| immediate threat of death or serious bodily injury.<br><br>Clark Decl. at ¶¶10a, 12; "Ex. 1" (Lopez Depo.) at 64:5-12; "Ex. 3" (Rios Depo.) at 27:2-6; "Ex. 4" (Sanchez Depo.) at 13:23-14:6. | Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible. *See* Defendants' Evidentiary Objections. |
| 75. A threat of death or serious injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.<br><br>Clark Decl. at ¶10b; California Penal Code Section 835a(e)(2)). | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible. *See* Defendants' Evidentiary Objections. |
| 76. Police officers are trained that potential threat or potential deadly threat is not enough to justify the use of deadly force.<br><br>"Ex. 4" (Sanchez Depo.) at 14:7-12. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |
| 77. Police officers are trained, and Peace Officer Standards and Training ("POST") instructs, that a fear of future harm is insufficient to use deadly force. | Undisputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action. |

30

MANNING | KASS

| | |
|---|---|
| "Ex. 4" (Sanchez Depo.) at 18:15-18. | |
| 78. Police officers, including Lopez, are trained that deadly force should only be used when there are no other reasonable options.<br><br>Clark Decl. at 110h; "Ex. 1" (Lopez Depo.) at 64:13-15 | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible. *See* Defendants' Evidentiary Objections. |
| 79. Police officers, including Lopez, are trained to give a verbal warning before using deadly force, when feasible.<br><br>Clark Decl. at ¶10g; "Ex. 1" (Lopez Depo.) at 64:16-18; "Ex. 4" (Sanchez Depo.) at 14:19-21. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible. *See* Defendants' Evidentiary Objections. |
| 80. Police officers, including Lopez, are trained that they are responsible to justify each shot when using deadly force.<br><br>Clark Decl. at ¶10i; "Ex. 1" (Lopez Depo.) at 64:19-21; "Ex. 4" (Sanchez Depo.) at 14:22-24. | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible. *See* Defendants' Evidentiary Objections. |
| 81. A peace officer is justified in using deadly force upon another person only when the officer reasonably believes, based on the totality of the circumstances, that such force is necessary to defend against an imminent threat of death or serious bodily injury to the officer or to another person.<br><br>Clark Decl. at ¶10a; California Penal Code Section 835a(c)(1)(A); LD 20: | Undisputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible. *See* Defendants' Evidentiary Objections. |

31

MANNING | KASS

| | |
|---|---|
| Chapter 4—Deadly Force, page 4. | |
| 82. Under the facts of this case, Deputy Lopez could not justify using deadly force against Holland simply because Holland was running away.<br><br>Clark Decl. at ¶¶11, 12; "Ex. 4" (Sanchez Depo.) at 26:1-24, 27:5-11, 33:10-20. | Undisputed.<br><br>However, based on Holland's statement "I will shoot you," and a black object that was in Holland's right hand at waist level, Deputy Lopez reasonably believed that Holland was in possession of a gun. *See* Lopez Depo. (Ex. "A") at 16:15-21, 39:9-15, 41:22-42:2, 44:10-45:2, 48:15-18, 51:6-11, 16-18, 52:12-20, 55:3-11, 57:14-22.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible. *See* Defendants' Evidentiary Objections. |
| 83. Under the facts of this case, Holland's statement, "I will shoot" or "I will shoot you" does not alone justify Lopez's use of deadly force.<br><br>"Ex. 4" (Sanchez Depo.) at 33:21-34:1; Clark Decl. at ¶12. | Undisputed.<br><br>However, based on Holland's statement "I will shoot you," and a black object that was in Holland's right hand at waist level, Deputy Lopez reasonably believed that Holland was in possession of a gun. *See* Lopez Depo. (Ex. "A") at 16:15-21, 39:9-15, 41:22-42:2, 44:10-45:2, 48:15-18, 51:6-11, 16-18, 52:12-20, 55:3-11, 57:14-22.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible. *See* Defendants' Evidentiary Objections. |
| 84. Defendants' police practices expert agrees that it would have been inappropriate for Lopez to shoot Holland under the facts of this case if Holland had not turned toward Lopez with an object that looked like a gun | Disputed. However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.<br><br>Based on Holland's statement "I will shoot you," and a black object that was in Holland's right hand at waist level, |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| | |
|---|---|
| in his hand.<br><br>"Ex. 4" (Sanchez Depo.) at 27:23-28:11, 38:18-22, 42:11-14, 46:4-12, 49:7-22. | Deputy Lopez reasonably believed that Holland was in possession of a gun. *See* Lopez Depo. (Ex. "A") at 16:15-21, 39:9-15, 41:22-42:2, 44:10-45:2, 48:15-18, 51:6-11, 16-18, 52:12-20, 55:3-11, 57:14-22. |
| 85. A reasonable officer would have been able to distinguish a cell phone from a firearm.<br><br>Clark Decl. at ¶14; | Disputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible.  *See* Defendants' Evidentiary Objections. |
| 86. A cell phone does not have the identifying features of a firearm such as a barrel, trigger, trigger guard, grip, or magazine.<br><br>Clark Decl. at ¶14; | Undisputed.  However material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible.  *See* Defendants' Evidentiary Objections. |
| 87. Deputy Lopez engaged in pre-shooting misconduct negligent tactics, including: ignoring basic police training when he pursued Mr. Holland on foot as a solo officer; leaving the driver of the vehicle alone in the vehicle when he chased after Mr. Holland; failing to make clear communications over the police radio regarding the incident and failing to specifically request backup; failing to give Mr. Holland sufficient commands or a verbal warning that deadly force would be used, including not giving Mr. Holland a command to "drop it"; failing to seek cover or create distance while | Disputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.<br><br>Based on Holland's statement "I will shoot you," and a black object that was in Holland's right hand at waist level, Deputy Lopez reasonably believed that Holland was in possession of a gun. *See* Lopez Depo. (Ex. "A") at 16:15-21, 39:9-15, 41:22-42:2, 44:10-45:2, 48:15-18, 51:6-11, 16-18, 52:12-20, 55:3-11, 57:14-22.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible.  *See* Defendants' Evidentiary Objections. |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| | |
|---|---|
| continuing to observe or monitor Mr. Holland.<br><br>Clark Decl. at ¶¶13, 16; | |
| 88. From the standpoint of police practices and basic police training, the use of deadly force by Deputy Lopez was contrary to P.O.S.T. and basic police officer training for the following reasons:<br>1. Mr. Holland posed no immediate threat of death or serious bodily injury.<br>2. Deputy Lopez could not shoot Mr. Holland for running.<br>3. Mr. Holland committed no crime involving the infliction of serious bodily injury or death.<br>4. Other reasonable alternative force measures were available.<br>5. Deputy Lopez failed to issue a verbal warning prior to using deadly force, as trained, even though it would have been feasible to do so under this set of facts.<br>6. Officers are trained that subjective fear is insufficient to justify a use of deadly force.<br>7. Officers are trained that fear of a potential future threat is insufficient.<br>8. The number of shots (6) was excessive.<br>9. Deputy Lopez overreacted, and officers are trained that an overreaction in using deadly force is a use of excessive force.<br><br>Clark Decl. at ¶17. | Disputed.  However, not material to Plaintiffs' claims and has no bearing on Defendants' liability in this action.<br><br>Based on Holland's statement "I will shoot you," and a black object that was in Holland's right hand at waist level, Deputy Lopez reasonably believed that Holland was in possession of a gun. *See* Lopez Depo. (Ex. "A") at 16:15-21, 39:9-15, 41:22-42:2, 44:10-45:2, 48:15-18, 51:6-11, 16-18, 52:12-20, 55:3-11, 57:14-22.<br><br>Further, Rodger Clark's declaration [Doc. 37-2] is inadmissible. *See* Defendants' Evidentiary Objections. |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

1  DATED:  September 12, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:  ___/s/ *Kayleigh Andersen*___
        Eugene P. Ramirez
        Kayleigh Andersen
        Attorneys for Defendants, COUNTY OF
        SAN BERNARDINO and JUSTIN LOPEZ

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND PLAINTIFFS' ADDITIONAL MATERIAL FACTS**