```
LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118
```

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO and JUSTIN LOPEZ,<br><br>　　　　　Defendants. | Case No.: 5:23-cv-01028-JGB-SHK<br><br>[*Honorable Jesus G. Bernal*]<br><br>**PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS A.H. AND H.H.**<br><br>[Verification by Guardian ad Litem Crystal Hanson, Declaration of Renee V. Masongsong and Exhibits thereto, and Proposed Order *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs, Patricia Holland, Chloe Holland (formerly identified as "C.H."), and H.H. and A.H., by and through their guardian ad litem, Crystal Hanson, ("Plaintiffs") hereby move this Court by way of this Ex Parte Application for Approval of Compromise of the Claims of minor plaintiffs A.H. and H.H.

Plaintiffs make this application pursuant to Central District Local Rule 7-19.

-1-
UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFFS A.H. AND H.H..

The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Renee V. Masongsong, which is submitted concurrently herewith. Prior to filing this *ex parte* application, on November 27, 2024, by email and on December 3, 2024, by telephone, Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 7-19 through 7-19.1. Defendants are represented by:

> Kayleigh Andersen, Esq.
> Manning Kass
> 801 S. Figueroa St., 15th Floor
> Los Angeles, CA 90017
> (213) 624-6900
> Kayleigh.Andersen@manningkass.com

Defendants' counsel does not oppose the filing of this application for approval of the minors' compromise on an *ex parte* basis, nor do Defendants or their counsel oppose the proposed distribution of the settlement funds. Declaration of Renee V. Masongsong in Support of Ex Parte Application for Approval of Minors' Compromise ("Masongsong Decl.") at ¶¶ 2-3. Plaintiffs seek approval of the minors' compromise on an *ex parte* basis because the interest rates for the annuities will expire if this matter is heard as a regularly noticed motion. Masongsong Decl. at ¶ 4.

DATED: December 5, 2024        LAW OFFICES OF DALE K. GALIPO

By:     *s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs*

# UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF H.H. AND A.H.

## I. INTRODUCTION

Crystal Hanson, guardian *ad litem* for minor plaintiffs H.H. and A.H., hereby submits this petition and proposed order for approval of the minors' compromise in this matter, and requests that the Court approve of the proposed distribution of the minors' funds. Crystal Hanson is H.H. and A.H.'s legal guardian and natural mother.

The instant claims of minor plaintiff H.H. and A.H. arose out of the fatal shooting of H.H. and A.H.'s father, decedent Shane Holland, by San Bernardino County Sheriff's Department Deputy Justin Lopez on June 21, 2022. Plaintiffs and Defendants have agreed to settle the above-referenced case, and the parties' settlement has been approved by the proper County of San Bernardino authorities.

This agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $250,000 divided equally between the four Plaintiffs, as follows:

| | |
|---|---|
| H.H. and her attorneys | $62,500 |
| A.H. and her attorneys | $62,500 |
| Chloe Holland and her attorneys | $62,500 |
| Patricia Holland and her attorneys | $62,500 |

Plaintiff Chloe Holland was formerly identified as "C.H." in this lawsuit. Chloe Holland was born in 2005, and she is no longer a minor. Masongsong Decl. at ¶ 5.

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is

unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minors' claims to assure itself that the minors' interests are protected, even if the settlement has been recommended or negotiated by the minors' parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiffs and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. Petitioner is Crystal Hanson as guardian *ad litem* for H.H. and A.H. and also as the legal guardian and mother of H.H. and A.H.

2. Plaintiffs H.H. and A.H. are both minor children and the daughters of the

decedent in this case, Shane Holland. H.H. was born on March 10, 2015, and A.H. was born on October 10, 2012.

3. The nature of the Plaintiffs' claims in this lawsuit is set forth in the operative complaint filed in this action. Pursuant to the settlement agreement, the minors' claims will be compromised without a trial on the merits. Masongsong Decl. at ¶ 6.

4. Plaintiffs H.H. and A.H.'s damages in this case arise from (1) the injuries suffered by their father, Shane Holland (the decedent), for which Plaintiffs H.H. and A.H. can recover survival damages as successors in interest (survival damages); and (2) Plaintiffs H.H. and A.H.'s individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages). Masongsong Decl. at ¶ 7.

5. Neither medical treatment nor medical billing are relevant to this case; Plaintiffs H.H. and A.H. have not received medical treatment in connection with this case.

6. The total amount of the settlement that Defendant County of San Bernardino agrees to pay is $250,000. As set forth above, of the $250,000 gross settlement amount, $62,500 is proposed to be distributed to H.H. and her attorneys, and $62,500 is proposed to be distributed to A.H. and her attorneys. Plaintiffs' attorneys are requesting attorneys' fees of 40% of the $62,500 in gross settlement proceeds allocated to H.H. ($25,000), and 40% of the $62,500 in gross settlement proceeds allocated to A.H. ($25,000). Masongsong Decl. at ¶¶ 5, 8, 9, 11. Plaintiffs' attorneys also seek reimbursement for the minor Plaintiffs' pro rata share of the Plaintiffs' total advanced litigation costs. Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff, such that each plaintiff would pay 25% of the total costs. The total advanced litigation costs are $8,647.07. Plaintiffs H.H. and A.H.'s equal share of the costs is $2,161.77 each. Masongsong Decl. at ¶ 10.

These are the amounts that Plaintiffs' attorneys would be due under the existing contingency fee retainer agreements in this case. Plaintiffs signed retainer agreements with the Law Offices of Dale K. Galipo, the Law Offices of Sharon J. Brunner, and the Law Offices of James S. Terrell that provide for a 40% contingency fee, which is a total of $100,000, shared equally among the four Plaintiffs. Masongsong Decl. at ¶¶ 5, 8, 9, 11.

The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil Plaintiffs' attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC"). Masongsong Decl. at ¶ 10.

Some of Mr. Galipo's recent notable verdicts include the following: $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright, II in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando M. Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the

police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney. Masongsong Decl. at ¶ 10.

Mr. Galipo has recently been awarded statutory attorney fee rates over $1,000 an hour and up to $1,400 an hour by multiple federal courts. In the case *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip S. Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. In the case *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour. In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case and $1,200 per hour for work in defending defendants' appeals to the Ninth Circuit and the Supreme Court. Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges support Plaintiffs' attorneys' request for the full 40% contingency attorney fee in this case. Masongsong Decl. at ¶ 10.

Additionally, this case involved a substantial amount of risk. For example, in this case, the evidence indicates that the decedent said to the shooting deputy, "I'm going to shoot you" multiple times. There were no civilian witnesses to the shooting and no video of the shooting. If the Law Offices of Dale K. Galipo, the Law Offices of Sharon J. Brunner, and the Law Offices of James S. Terrell were not awarded a fully compensatory fee in cases such as this one, then these attorneys

would not be able to take such difficult cases.  In turn, minor plaintiffs such as H.H. and A.H. would not be able to attract competent counsel who could achieve similar results.  Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their attorneys' fees and costs.  Masongsong Decl. at ¶ 10.

7. As stated above, the gross amount of the settlement is $250,000.  The gross share of these proceeds apportioned for minor Plaintiff A.H. and her attorneys is $62,500. After deducting requested attorneys' fees of $25,000, and deducting and A.H.'s pro-rata share of costs, the total net settlement proceeds to A.H. is $35,338.23.  Likewise, the gross share of the settlement apportioned for minor Plaintiff H.H. and her attorneys is $62,500. After deducting requested attorneys' fees of $25,000, and deducting and H.H.'s pro-rata share of costs, the total net settlement proceeds to H.H. is also $35,338.23.  Masongsong Decl. at ¶ 11.

8. It is requested that $35,338.23 be used to fund a structured settlement annuity for A.H.  Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for A.H., which is incorporated herein in its entirety by reference. A.H.'s guardian *ad litem,* Crystal Hanson, agrees to this proposal and believes that it is in the best interests of A.H. Under the proposal set forth in "Exhibit A," the total amount that A.H. will receive after the last payment is made from the annuity is $56,100. Masongsong Decl. at ¶ 12.

It is likewise requested that $35,338.23 be used to fund a structured settlement annuity for H.H.  Attached as "Exhibit B" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for H.H., which is incorporated herein in its entirety by reference. H.H.'s guardian *ad litem,* Crystal Hanson, agrees to this proposal and believes that it is in the best interests of H.H. Under the proposal set forth in "Exhibit B," the total amount that H.H. will receive after the last payment is made from the annuity is $63,550. Masongsong Decl. at ¶ 13.

9. The moving guardian *ad litem* is not plaintiff in this case and has no claims against Defendants in connection with the subject incident.

10. The moving guardian *ad litem* does not have any claims against the minor plaintiffs H.H. and/or A.H. (her children) in connection with the subject incident.

11. California Welfare and Institutions Code Section 14124.73 does not apply.

12. This motion does not seek an order for payment of money to a special needs trust.  Masongsong Decl. at ¶ 15.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This petition was prepared by attorney Renee V. Masongsong (California State Bar Number 281819), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action.  Masongsong Decl. at ¶ 16.

2. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and/or Law Offices of James S. Terrell did not become concerned with this matter at the instance of any party against whom the claims of A.H. and H.H. are asserted. Masongsong Decl. at ¶ 17.

3. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and Law Offices of James S. Terrell represent the plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter. Masongsong Decl. at ¶ 18.

4. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and Law Offices of James S. Terrell have not to date received any compensation for their services in connection herewith from any person.  Masongsong Decl. at ¶ 19.

5. In addition to receiving compensation from H.H. and A.H.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiffs Patricia Holland and Chloe Holland as follows: Plaintiffs' attorneys will receive

1  $25,000 in attorneys' fees from Patricia Holland's portion of the settlement and
2  $25,000 from Chloe Holland's portion of the settlement.  Plaintiffs' attorneys also
3  expect to receive reimbursement from Plaintiffs Chloe Holland and Patricia Holland
4  in the amount of their pro rata share of costs advanced, which is $2,161.77 from
5  each plaintiff or a total of $8,647.07 between all four Plaintiffs.  Masongsong Decl.
6  at ¶ 20.

7      6. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and
8  Law Offices of James S. Terrell accepted this engagement for a contingency fee,
9  plus reimbursement for any costs advanced. The current retainer agreement provides
10 for a 40 percent attorney fee recovery if the matter concludes after commencement
11 of a lawsuit.  Masongsong Decl. at ¶ 10.

12 **Petitioner's endorsement:**

13 Petitioner has made a careful and diligent inquiry and investigation to
14 ascertain the facts relating to the incident giving rise to the minors' claims, the
15 parties responsible for the incident, and the nature, extent and seriousness of the
16 minors' claims.  Petitioner further understands that if the compromise proposed in
17 this petition is approved by the Court and is consummated, the minor children will
18 be forever barred from seeking any further recovery of compensation even though
19 the minors' injuries and loss might in the future appear to be more serious than they
20 are now thought to be.  Petitioner is informed and believes that the minor has made
21 some sufficient recovery from the effects of her injuries and losses so as to justify
22 the resolution of this matter in accord with the terms of the settlement agreement.
23 Petitioner recommends the compromise settlement and the proposed distribution to
24 the minors to the Court as being fair, reasonable, and in the best interest of the
25 minor, and requests that the Court approve this compromise settlement and make
26 such other and further orders as may be just and reasonable.

27 Petitioner Crystal Hanson requests that the Court enter the proposal attached
28 to the Declaration of Renee V. Masongsong as "Exhibit A" for A.H. and enter the

proposal attached to the Declaration of Renee V. Masongsong as "Exhibit B" for H.H.  Specifically, Petitioner Crystal Hanson requests that the Court enter the Proposed Order filed concurrently herewith.  As stated, Petitioner Crystal Hanson is H.H. and A.H.'s guardian *ad litem*, natural mother, and legal guardian.  Petitioner Crystal Hanson's verification is attached hereto.

### III. CONCLUSION

For the reasons above, the Court should enter the proposed order submitted concurrently herewith.

DATED:   December 5, 2024          LAW OFFICES OF DALE K. GALIPO

                                   By:      *s/ Renee V. Masongsong*
                                         Dale K. Galipo
                                         Renee V. Masongsong
                                         *Attorneys for Plaintiffs*

**VERIFICATION BY MINOR'S GUARDIAN**

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on this ___12/2/2024___ day of December 2024, at _____RIDGECREST _____, California.

DocuSigned by:

_____
Crystal Hanson, guardian ad litem for H.H. and A.H.

-1-