LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
Email: rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF SAN BERNARDINO and JUSTIN LOPEZ,<br><br>  Defendants. | Case No.: 5:23-cv-01028-JGB-SHK<br><br>[*Honorable Jesus G. Bernal*]<br><br>**DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS A.H. AND H.H.** |

## DECLARATION OF RENEE V. MASONGSONG

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' *ex parte* application for approval of the compromise of the claims of minor plaintiff A.H. and H.H. by and through his guardian *ad litem*, Crystal Hanson, individually and as a successor in interest to Shane Holland, deceased.

2. Defendants are represented by Kayleigh Andersen, Esq., of Manning Kass, 801 S. Figueroa St., 15th Floor, Los Angeles, CA 90017, (213) 624-6900 Kayleigh.Andersen@manningkass.com

3. I emailed a copy of the instant Application to Defendants' counsel on November 27, 2024. I also spoke to Ms. Andersen on the phone on December 3, 2024, regarding the instant Application. Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the proposed distribution of the settlement funds.

4. This Application seeks approval of the compromise of Plaintiffs A.H. and H.H.'s claims on an *ex parte* basis because the interest rate for the annuities are likely to expire if this petition is heard as a regularly noticed motion. For that reason, filing this Application as a regularly noticed motion may cause a decrease in payment benefits to the minor plaintiffs.

The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys $250,000, divided equally between the four Plaintiffs. Plaintiff Chloe Holland was formerly identified as "C.H." in this lawsuit. Chloe Holland was born in 2005, and she is no longer a minor.

5. The nature of Plaintiffs A.H. and H.H.'s claims in this lawsuit are set forth in the operative complaint filed in this action. Plaintiffs have agreed to settle their claims without a trial on the merits.

6. Plaintiffs A.H. and H.H.'s damages in this case arise from (1) the injuries suffered by their father, Shane Holland (the decedent), for which Plaintiffs A.H. and H.H. can recover survival damages as a successor in interest (survival damages); and (2) Plaintiffs A.H. and H.H.'s individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages).

7. Plaintiffs A.H. and H.H.'s attorneys are requesting contingency attorneys' fees in the amount of 40 percent of the $250,000 awarded to Plaintiffs,

1  which is a total of $100,000, shared equally among the four plaintiffs. The minor
2  plaintiffs' share of the attorney fees is $25,000 each.

3      8.    Plaintiffs' attorneys are also requesting reimbursement of advanced
4  litigation costs. The total advanced litigation costs are $8,647.07. Plaintiffs H.H.
5  and A.H.'s equal share of the costs is $2,161.77 each.

6      9.    The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner,
7  and Law Offices of James S. Terrell accepted this engagement for a contingency
8  fee, plus reimbursement for any costs advanced. The retainer agreements provide for
9  a 40% contingency fee.

10  The contingency attorney fee award in this case is justified by attorney Dale
11  K. Galipo's skill and experience in the civil rights field, the difficulties and
12  complexities of this case, and the risk assumed by Plaintiffs' counsel. Mr. Galipo is
13  one of the most successful and experienced civil rights attorneys in the country. Mr.
14  Galipo has been elected as a "Super Lawyer" every year since the year 2013. In
15  2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to
16  represent the top one hundred civil plaintiff's attorneys in the United States. Also in
17  2019, Mr. Galipo was elected as a Fellow of the American College of Trial
18  Lawyers, which is recognized as the preeminent organization of trial lawyers in
19  North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award
20  from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in
21  2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from
22  the Consumer Attorneys of California ("CAOC").

23  Some of Mr. Galipo's recent notable verdicts include the following:
24  $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in
25  federal court before the Honorable Otis Wright in October 2023; $23,800,000
26  verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal
27  court before the Honorable Fernando Olguin in August 2023; $10,000,000 verdict in
28  the case *Najera v. County of Riverside*, tried in federal court in April 2023 before

the Honorable Dolly M. Gee; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney.

      Mr. Galipo has recently been awarded statutory attorney fee rates of over $1,000 an hour and up to $1,400 an hour by multiple federal courts. In the case *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. In the case *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour. In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case, as well as $1,200 per hour for his work in defending defendants' appeals to the Ninth Circuit and the Supreme Court. Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges supports Plaintiffs' attorneys' request for the full 40% contingency attorney fee in this case.

      Additionally, this case involved a substantial amount of risk. For example, in this case, the evidence indicates that the decedent said to the shooting deputy, "I'm going to shoot you" multiple times. There were no civilian witnesses to the shooting and no video of the shooting. If the Law Offices of Dale K. Galipo were

not awarded a fully compensatory fee in cases such as this one, Mr. Galipo's office would not be able to take such difficult cases. In turn, minor plaintiffs such as A.H. and H.H. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement the full amount of their attorneys' fees and costs.

10. As stated above, the gross amount of the settlement is $250,000. The gross share of these proceeds apportioned for minor Plaintiff A.H. and her attorneys is $62,500. After deducting requested attorneys' fees of $25,000, and deducting and A.H.'s pro-rata share of costs, the total net settlement proceeds to A.H. is $35,338.23. Likewise, the gross share of the settlement apportioned for minor Plaintiff H.H. and her attorneys is $62,500. After deducting requested attorneys' fees of $25,000, and deducting and H.H.'s pro-rata share of costs, the total net settlement proceeds to H.H. is also $35,338.23.

11. It is requested that $35,338.23 be used to fund a structured settlement annuity for A.H. Attached as "Exhibit A," attached hereto, is the proposed structured settlement annuity for A.H., which is incorporated herein in its entirety by reference. A.H.'s guardian *ad litem,* Crystal Hanson, agrees to this proposal and believes that it is in the best interests of A.H. Under the proposal set forth in "Exhibit A," attached hereto, the total amount that A.H. will receive after the last payment is made from the annuity is $56,100.

12. It is likewise requested that $35,338.23 be used to fund a structured settlement annuity for H.H. Attached hereto as "Exhibit B" is the proposed structured settlement annuity for H.H., which is incorporated herein in its entirety by reference. H.H.'s guardian *ad litem,* Crystal Hanson, agrees to this proposal and believes that it is in the best interests of H.H. Under the proposal set forth in "Exhibit B," the total amount that H.H. will receive after the last payment is made from the annuity is $63,550.

13. A.H.'s and H.H.'s guardian *ad litem*, Petitioner Crystal Hanson, has reviewed the proposed annuity and disbursement schedule for A.H. and H.H. set forth in "Exhibit A" and believes it is in the best interest of A.H. and H.H.

14. This application or petition does not seek an order for payment of money to a special needs trust.

15. I (attorney Renee V. Masongsong, California State Bar Number 281819) prepared the petition filed concurrently herewith. I am an attorney with the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs A.H. and H.H. in this action.

16. Plaintiffs A.H. and H.H.'s attorneys did not become concerned with this matter at the instance of any party against whom the claims of H.H. and A.H. are asserted.

17. Plaintiffs A.H. and H.H.'s attorneys are not employed by any other party or any insurance carrier involved in the matter.

18. Plaintiffs A.H. and H.H.'s attorneys have not to date received any compensation for their services in connection herewith from any person.

19. In addition to receiving compensation from H.H. and A.H.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiffs Patricia Holland and Chloe Holland as follows: Plaintiffs' attorneys will receive $25,000 in attorneys' fees from Patricia Holland's portion of the settlement and $25,000 from Chloe Holland's portion of the settlement. Plaintiffs' attorneys also expect to receive reimbursement from Plaintiffs Chloe Holland and Patricia Holland in the amount of their pro rata share of costs advanced, which is $2,161.77 from each plaintiff or a total of $8,647.07 between all four Plaintiffs.

20. Attached hereto as "Exhibit C" is a group of documents from Pacific Life Insurance Company, including the ratings and sample guarantee.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 3rd day of December, 2024 at Woodland Hills, California.

*s/ Renee V. Masongsong*
Renee V. Masongsong
